Irwin *v.* Fulton Sylphon Co. *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed December 5, 1942.

CLEMENTS & CLEMENTS and NORMAN B. MORRELL, all of Knoxville, for plaintiff in error.

HODGES & DOUGHTY, of Knoxville, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought under the Workmen's Compensation Act, Code 1932, section 6851 et seq., to recover medical services necessary in an accident sustained by an employee and to recover compensation for eight weeks' disability. The trial court gave judgment for the eight weeks' disability but dismissed the suit in so far as it sought to recover for medical services for which the employer disclaimed liability. Both parties have appealed in error.

As a matter of fact the suit was defended by the employer's insurer but the rights and liability of the employer and the insurer being the same, we will refer to defendants as the employer.

It is agreed that the employee sustained a hernia in the course of his employment. He was tendered an

operation promptly. He agreed to the operation but declined to have it performed by the surgeon offered by the employer. The employee had the operation performed by a surgeon of his own choosing. The operation was a success and it is agreed that the surgeon's bill and the hospital bill incurred by the employee were both reasonable and customary charges in Knoxville where the parties were located.

The employee was out of work eight weeks on account of this operation and it is further conceded that this period of time is necessary for recuperation from an operation of this kind. The prime question presented is whether an employee under the Workmen's Compensation Act is entitled to have a tendered operation, to which the employee consents, performed by a surgeon of his own choosing or whether he is required to accept a surgeon selected by the employer.

Code, section 6875 provides:

"During the thirty days after the notice required by section 6873 to be given the employer or his agent, the employer shall furnish free of charge to the injured employee such medical and surgical treatment, medicine, medical and surgical supplies, crutches and apparatus as may be reasonably required, and the injured employee shall accept the same;

.    .    .    .    .    .

"If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical service which the employer is required to furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be due and payable while he continues such refusal.

.    .    .    .    .    .

"If in an emergency or on account of the employer's failure or refusal to provide the medical care and service required by this chapter, the injured employee or his dependents may provide the same, and the cost thereof, not exceeding one hundred dollars, shall be borne by the employer; provided, that the pecuniary liability of such employer shall be limited to the charges for such service as prevail in the community where the services are rendered. . . ."

It will be observed that the first paragraph above quoted enacts that "the employer shall furnish free of charge" the services, etc. And in the last paragraph quoted, in an emergency or in case of the employer's failure or refusal "to provide" the medical care, etc., the employee or his dependents "may provide" the same and recover from the employer.

Thus it rather clearly appears to be the intent of the statute that the employer is to select a physician. He could not very well furnish a physician or provide a physician without first choosing that physician. Language similar to that contained in our statute appears in the statutes of most of the States and these statutes are quite generally construed to mean that the employer in the first instance has the right to select the physician.

"Under the compensation acts the right to choose the medical or surgical attendant and the hospital is usually in the first instance with the employer, or insurer, and the injured employee cannot recover for medical services incurred by him while declining without good reason the services so tendered, provided the offer is unequivocal and reasonable and is also adapted to the treatment of the injured employee, because he is not bound, in spite of inconvenience and greater expense, to accept any tender." 71 C. J., 778.

"Acts of all but three States are construed to give the employer or insurer the right in the first instance to choose the medical or surgical attendant." Schneider on Workmen's Compensation (2d Ed.), section 491.

Numerous cases are cited in the texts to support the rule stated as above. Of course there are exceptional cases in which the employee has a right to refuse the services of a particular physician. There are, however no exceptional circumstances in this case. The trial judge found that the surgeon selected by the employer was of the highest professional rating and that the refusal of the employee to accept the services of this surgeon was unreasonable. There is abundant proof to sustain this finding by the court below. In so far, therefore, as the trial judge denied recovery from the employer of the bill of the surgeon selected by the employee his judgment is affirmed.

As to the hospital bill, we think the case is somewhat different. The medical care and service which the employer was required to furnish herein was an operation, including operator (surgeon) and hospitalization. The employee accepted the operation, which was successful. He only declined to accept the operator selected by the employer. Likewise, the employee accepted hospitalization at an institution patronized by the insurer and to which the insurer is in the habit of sending patients. There is no suggestion of any overcharge by this hospital. Nor is it suggested that the employee remained there longer than necessary.

So it is there was no outright refusal by the employee of the medical care and service which the employer was required to furnish. There was only a partial refusal by the employee and he should be penalized only to the extent that he was obdurate.

The testimony of the insurer's local manager shows that eight weeks' rest is ordinarily required in the case of a hernia operation. We think the trial judge properly allowed the employee compensation for eight weeks. As we have seen, the employee accepted in large part the medical service which the employer was required to furnish and we are of opinion that he did not forfeit his right to compensation during this eight weeks.

Modified as indicated, the judgment below will be affirmed.