STONE & WEBSTER ENGINEERING CORPORATION *et al. v.*
DAVIS.

(*Knoxville*, September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

FINLAY & CAMPBELL, of Chattanooga, for plaintiffs in error.

JOHN S. WRINKLE, of Chattanooga, for defendant in error.

44

Mr. Chief Justice Neil delivered the opinion of the Court.

This is a suit to recover compensation under the Workmen's Compensation Law of Tennessee. The basis of the action is that the plaintiff sustained an accident while employed by Stone & Webster which resulted in a hernia. On the trial of the case there was a request by the defendants for a written finding of fact, and it was suggested "that the court find with regard to the following matters: (1) Does petitioner suffer from a hernia caused by accident? (2) Did the hernia appear suddenly? (3) Was it accompanied by pain? (4) Did it immediately follow the alleged accident? (5) Did it exist prior to the alleged accident? (6) Was the hernia a type caused by accident?"

The trial judge answered in writing "Yes" to questions 1, 2, 3, 4, and in answer to question (5) the answer was "No, except he probably had a potential condition which was aggravated by jumping from truck, as alleged resulting in hernia." This further finding of fact appears in the record: "Under the proof I am of the opinion that petitioner was totally disabled as the result of being forced to jump from the truck as alleged and aggravating a congenital condition in his abdomen which caused the hernia to develop."

A judgment was entered in favor of the petitioner for compensation for his injury from June 12, 1945, to December 1, 1945. An award was also made for the amount of his hospital bill amounting to $67.50 and $150.00 "for Doctor Karr's account." The total award amounted to $652.07.

The assignments of error are as follows:

1. "There is no competent evidence to sustain the judgment of the Court below.

2. "The only medical testimony on the point showed without contradiction that the hernia of which the plaintiff complained was a hernia that had existed for years, so old that there had grown into the hernial sac the appendix and portions of the intestines.

3. "The medical expense allowable under the Compensation Act as of the date of the plaintiff's injury was limited to $100.00."

The principal ground for a reversal of the judgment is that the evidence shows that petitioner was suffering from a pre-existing hernia and hence it did not arise out of and in the course of his employment. Contention is made that all the reliable and credible evidence shows that petitioner was suffering from a hernia "prior to the accident for which compensation is claimed."

The petitioner testified that while he was employed by Stone & Webster he jumped from a truck to avoid "being sprinkled with acid and burned about his face and arms." Immediately following his jump he felt a sharp pain. Continuing he testified: "I began to sting. Had a stinging right down in the bottom of my stomach and it continued like that until I goes to my doctor." The accident happened about noon and later in the day while taking a bath he discovered what he described as "a knot in the groin." "I got excited and I didn't know what was wrong, and so I goes to Dr. P. H. Stevenson and he tells me that I had a hernia." The petitioner also testified that the pain in his abdomen was so severe that he could not eat his lunch. He reported to the office of his employer and later went to the hospital for an operation.

There is nothing in the record to show that there was any evidence of a pre-existing hernia. When he was first employed by Stone & Webster the company doctor made a thorough examination of the petitioner and pronounced him in good physical condition. He had suffered no previous accident.

The defendant offered as its only witness Dr. D. B. Karr, who operated on the petitioner for the hernia. He described his condition as follows:

"Yes, sir. I operated on him for hernia. He had an inguinal hernia, hernia in the groin, and at the operation it was necessary to make an extra incision to get his appendix out because his appendix was stuck in the hernia. He had a well-organized sac, and the appendix was in the hernial sac and attached to the hernia.

 * * * * * *

"Well, the tissues and all there indicated he had that hernia for years . . . .. However, the hernial sac, with the intestines and all, was well organized, just as if he'd been born with it all.

 * * * * * *

"I had to make an extra incision to get above the hernial sac and to get the appendix off at the base, and to shorten all of the abdominal lining which had come down, in order to make a smooth perfect closure.

"Q. Now state whether or not part of the intestines were in that sac. A. Yes, sir. The first part of the large bowel, and—and a portion of the small bowel.

"Q. As well as the appendix? A. Appendix. At the junction of those two is where you find the appendix."

On cross-examination the witness was asked if "all are not born with hernias if we're to have one? A.

That's the medical thought: that all hernias are congenital, or ninety-nine percent of them. Especially where you see a well-organized sac.''

''Q. If he was well and all right when he was examined when he went to work there in the first part of the year, and didn't have any other accidents than this one, and you found the hernia following that, and he suffered pain from the moment he jumped, or landed, rather, would you say that that was the cause of the hernia? the accident? A. I would say it could be. Could be the cause for a bunch of intestines coming down there. It could be.''

 We are not in disagreement with able counsel as to the rule of law applicable to the facts of the instant case. In all cases the injury must arise out of and in the course of the claimant's employment. *McBrayer* v. *Dixie Mercerizing Co.*, 178 Tenn. 135, 156 S. W. (2d) 408. A judgment cannot rest upon mere conjecture. *Home Ice Co.* v. *Franzini*, 161 Tenn. 395, 32 S. W. (2d) 1032.

██ If there is any material evidence to support the finding of the trial court this finding must be sustained on appeal.

There are a number of cases holding that when a case involves a hidden or latent physical condition, discovered only by an expert medical man, the Court must depend upon his expert opinion. *Tibbs* v. *Equitable Life Assur. Soc.*, 179 Tenn. 594, 168 S. W. (2d) 779; *Nashville C. & St. L. Ry. Co.* v. *Jackson*, 187 Tenn. 202, 213 S. W. (2d) 116.

In the case at bar we accord full faith and credit to Dr. Karr as an expert witness for the defendant. But his testimony fails to show a pre-existing hernia within the meaning of our compensation statute. The sum and

substance of his testimony is that the petitioner had a congenital condition, wholly within the abdominal wall, which he describes as a pre-existing hernia. The condition might have existed from birth and without his knowledge. Our compensation act, Code, Section 6892a, specifically provides just what a claimant must prove to entitle him to compensation for an accident resulting in a hernia as follows: (1) "That there was an injury resulting in *hernia or rupture.*" (2) "That the hernia *or rupture* appeared suddenly." (3) "That it was accompanied by pain." (4) "That the hernia *or rupture* immediately followed the accident." (5) "That the hernia or rupture did not exist prior to the accident for which compensation is claimed." (Emphasis supplied.)

■ It thus plainly appears that the legislature had in mind an accident resulting in a *rupture* of the abdominal wall, not a congenital condition which could only be discovered by surgery. The Code Section herein referred to was construed by this Court in *Matthews* v. *Hardaway Contracting Co.*, 179 Tenn. 98, 163 S. W. (2d) 59, 62. A number of decisions were cited, construing similar statutes, all holding in effect that it was the legislative intent to "draw a line between such hernia as was compensable and such as was not." Thus in the Pennsylvania Act, 77 P. S. Section 515, it is provided: "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and *shall not be compensable, unless incontrovertible proof is offered that the hernia was at once precipitated by sudden effort or severe strain*". The said Act further provides that "the above manifestations were of such severity that the same were *noticed at once by the claimant*" etc. (Emphasis supplied.)

When our statute speaks of "hernia or rupture" it contemplates a rupture of the abdominal wall, such as could be seen by the claimant, and that it "immediately followed the accident."

We think there is material evidence to support the finding of the trial judge that the "hernia or rupture" was caused by an accident arising out of and in the course of petitioner's employment. The petitioner brought himself clearly within the express provisions of Code, Section 6892a. The first two assignments of error are overruled.

Contention is finally made under assignment (3) that the trial judge was in error in awarding compensation for medical expense in excess of $100.00. The pertinent part of the Compensation Act as amended by Williams' Code, Section 6875 reads as follows: "Provided, however, that total liability of the employer under this section shall not exceed one hundred dollars for medical expenses . . . ; provided, that where the medical and hospital expenses hereinabove provided for actually exceed in the aggregate the sum of two hundred dollars, the injured employee shall have the right to file a petition . . . praying for additional medical and hospital expenses, and such court may in the exercise of its discretion direct the employer to pay such additional medical and hospital expenses as the facts may justify, in no event, however, to exceed a total of three hundred dollars for all medical expenses, and a total of two hundred dollars for all hospital expenses . . ."

In the instant case the employer had not failed or refused to provide surgical aid. The petitioner sought out Dr. Karr, the operating surgeon, and engaged his services without consulting his employer.

The case of *Irwin* v. *Fulton Sylphon Co. et al.*, 179 Tenn. 346, 166 S. W. (2d) 610, differs somewhat from the case at bar. There the employee declined the services of a competent surgeon and selected one of his own choice. The Court declined to permit him a recovery for the amount of his surgeon's bill, but allowed an award for hospitalization. The defendant contends that the plaintiff must, "as a preliminary matter", file a petition in the court having jurisdiction of the case, "praying for additional medical and hospital expenses" etc., and in the absence of such an allowance by the court the employer is not liable in excess of $100.00.

We concede that in many instances the surgeon's expense might be far in excess of the amount fixed by the statute. Where it is not an emergency operation the employer should be consulted. But the failure of petitioner in this case to consult his employer, or to file a petition as provided in the statute, is not a bar to his right to recover the amount paid to Dr. Karr. This is true because the fee is not unreasonable and is not in excess of $200.00. The total award for medical and hospital expenses amounts to only $217.50. Since the assignment of error does not complain of any excess in charges for hospitalization, the finding of the trial judge will not be disturbed.

The assignments of error are overruled and the judgment of the circuit court is affirmed.

All concur.