ATLAS POWDER COMPANY

*v.*

RAYMOND H. GRANT.

(*Knoxville*, September Term, 1955)

Opinion filed July 20, 1956.

Rehearing Denied September 3, 1956.

CAMPBELL & CAMPBELL, Chattanooga, for appellant.

AUBREY E. GRAVES, Chattanooga, for appellee.

618

MR. JUSTICE PREWITT delivered the opinion of the Court.

The petitioner, Raymond H. Grant, was injured while an employee of the defendant, Atlas Powder Company, it appearing that while he was an employee of the company he suffered a fall down six or seven steps while carrying a load of about fifty pounds at which time he could not get up.

It seems that the petitioner was treated for his injuries for a period of three or four months. It appears that he was treated by about three doctors of the company during that period. The petitioner became dissatisfied with the company physician and he claims that he was suffering excruciating pain in his back. Doctor McCravey, the company physician, testified that he did not need an operation but that the petitioner had a sense of self-pity.

The petitioner claimed that he had a ruptured disc and being dissatisfied with the treatment of the company's physicians then went to another doctor of his own choosing, Doctor Donaldson, who performed an operation upon him, and it is questionable whether this operation was good or bad for the petitioner.

The trial judge held with the petitioner and was of the opinion that the petitioner having for three or four months gone to the company's physician, and finding further he was not a malingerer, and found from the proof that he was really suffering from some other injury, was of the opinion that the petitioner did not have to continue to go to the company's physician, but on the other hand after he had been treated by them for three or four months, he had a right to go to a physician of his own selection. The company insists that under our compensation law it is the duty of the company to furnish medical aid, and that except in exceptional cases the injured employee has no right to select his physician, at least, without giving some sort of notice to the company or its physician or physicians. No notice was given in the present case. The present suit is for medical expenses incurred—two physicians, not working for the company.

The contention is made by the company that under the Workmen's Compensation Law the employer has the right to select the physician or surgeon for the injured employee and, too, that should the injured employee see fit to employ another physician or surgeon that the company should have notice of this.

In *Irwin v. Fulton Sylphon Co.*, 179 Tenn. 346, 166 S.W.2d 610, 611, this Court held that our statutes providing that employer shall furnish and provide medical care for injured employee manifest intent that employer is

to select the physicians. Code 1932, secs. 6851 et seq., 6875, and that the right to select the physician carries with it the duty of the employee to accept his services and that the employee cannot recover for medical services incurred by him while declining the services of the company's doctor without good reason.

It was held in that case that the evidence showed that the surgeon selected by the employer was of high professional rating and hence employee's refusal to accept his services was unreasonable, and the employee was denied a recovery of his bill of surgeon selected by employee. It was stated in the Irwin case as follows:

"   Thus it rather clearly appears to be the intent of the statute that the employer is to select a physician. He could not very well furnish a physician or provide a physician without first choosing that physician. Language similar to that contained in our statute appears in the statutes of most of the States and these statutes are quite generally construed to mean that the employer in the first instance has the right to select the physician.

"   'Under the compensation acts the right to choose the medical or surgical attendant and the hospital is usually in the first instance with the employer, or insurer, and the insured employee cannot recover for medical services incurred by him while declining without good reason the services so tendered, provided the offer is unequivocal and reasonable and is also adapted to the treatment of the injured employee, because he is not bound, in spite of inconvenience and greater expense, to accept any tender.' 71 C.J. 778.

" 'Acts of all but three States are construed to give the employer or insurer the right in the first instance

to choose the medical or surgical attendant.' Schneider on Workmen's Compensation, 2d Ed., sec. 491.''

So, it has been recognized in this State that the employer has the right in the first instance to select the doctor or physician.

In *Stone & Webster Engineering Corporation v. Davis*, 191 Tenn. 42, 231 S.W. 2d 376, this Court held that the evidence sustained the findings of the Circuit Court that hernia or rupture was caused by an accident arising out of and in the course of employment, so as to entitle a claim to compensation, and that the Circuit Court did not err in awarding claimant, his surgeon and hospital and medical bills, though the employer had not failed or refused to provide surgical aid, and though employee engaged services of a surgeon without consulting the employer.

It was said in *Union Iron Works v. Industrial Accident Commission*, 190 Cal. 33, 210 P. 410, 413:

''* * * if the treatment practiced and persisted in by physicians furnished by the employer, even though they be conceded to be skilled and competent in their profession, does not within a reasonable time effect a cure, and thereafter a course of treatment prescribed by other physicians procured by the injured employee does in fact seasonably effect a cure, then it cannot be said that the employer has furnished such medical and surgical treatment as was reasonably and seasonably required.''

See also 142 A.L.R. 1227, Sec. III; *Texas Employer's Insurance Association v. Bradshaw*, Tex. Civ. App., 27 S.W.2d 314.

It should be observed that since the filing of the opinion in *Irwin v. Fulton Sylphon Co., supra,* the Workmen's Compensation Law, Williams Code Section 6875 has been materially changed. T.C.A. sec. 50-1004. The first part of this Section is now different from what it was then. The Section insofar as here applicable, as now in force, provides that:

"the employer or his agent shall furnish free of charge to the employee such medical and surgical treatment, medicine, medical and surgical supplies, crutches, artificial members, and other apparatus and hospitalization, including such dental work made reasonably necessary by accident as herein defined, as may be reasonably required. The injured employee shall accept the same; provided, that the employer shall designate a group of three (3) or more reputable physicians or surgeons if available in that community from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician; provided, however that total liability of the employer under this section shall not exceed the sum of one thousand and five hundred dollars ($1,500)."

In the present case the trial judge found from the proof that the petitioner went to the company's doctor for three or four months, and that some differences arose between the petitioner and the company's physician.

The trial judge also found that the petitioner had good grounds to believe that he was not cured, and that he was suffering great pain in his back, and thereupon sought the services of another physician, who in turn operated upon him for this ruptured disc. Now, it ap-

pears that the operation was not altogether successful, yet the trial judge found that the petitioner was acting in good faith in these matters.

From the facts of this case we do not think we should disturb the judgment of the lower court. It seems to us that the petitioner cooperated with the company and its physicians, and that when he found out that he was not cured it was then only he sought out the services of an independent physician. So then we have a different case from *Irwin v. Fulton Sylphon Co., supra,* and is to be distinguished from it.

It results the judgment of the lower court must be affirmed.

BURNETT and SWEPSTON, JUSTICES, concur.

NEIL, CHIEF JUSTICE (dissenting).

I cannot agree with the majority opinion that the petitioner is entitled to recover the amount of doctors' and surgeons' bills in this case in view of the admitted fact that the employer was furnishing competent medical aid and the petitioner refused to accept such aid, and without reason employed his own doctor without notice to the employer that he desired additional medical services.

The rights of the parties, both employer and employee, are governed by our Workmen's Compensation Law, Section 50-1004, T.C.A.

Nor can I agree that the opinion in *Atlas Powder Co. v. Grimes,* 200 Tenn. 206, 292 S.W.2d 13, controls the instant case. Whether or not Grimes was entitled to a surgeon of his own selection without notice to, or consultation with, the company doctor is controlled by the statute, 50-1004, T.C.A. The fact that he may have been in need of an

operation is not determinative of the question. In the Grimes case the company doctor knew he was in need of further medical care. In the instant case the employee was at work, and the company doctor called his attention to callous and grease on his hands which clearly indicated that he was not suffering from any disabling injury. It was thus, in a fit of anger, that he employed his own doctor, and not because of any refusal of the employer to furnish him with medical aid. In neither the Grimes case nor the instant case was the employer given an opportunity to furnish a surgeon or otherwise comply with Section 50-1004, T.C.A.

I am unable to agree that the statute relating to the duty of the employer to furnish free medical aid, or the right of an employee to the services of his own doctor, is any different now than what it was when *Irwin v. Fulton Sylphon Co.*, 179 Tenn. 346, 166 S.W.2d 610, was decided.

The amendatory act reaffirms the duty of the employer to furnish free of charge certain specified services and adds this qualification:

"* * * provided, that the employer shall designate a group of three (3) or more reputable physicians or surgeons if available in that community from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician; provided, however that total liability of the employer under this section shall not exceed the sum of one thousand and five hundred dollars ($1,500)."

Other pertinent parts of the Section clearly give the employer the right to notice of the need for "specialized medical attention". He is given the right to demand a special examination and the employee must comply. but at the same time having present his own doctor. Why

such an examination, if it was not to determine the nature of the injury and the need for an operation? Regardless of the result of this consultation, if the employee's doctor should advise an operation, then in that event the employer would at least know about it. He is then entitled to "designate three (3) *or more* reputable physicians or surgeons if available in that community from which the injured employee shall have the privilege of selecting the operating surgeon".

Now, is it true that an injured employee is privileged to ignore the foregoing provision of the statute, and, without any notice to his employer, go wherever he chooses and secure an operating surgeon *at the expense of his said employer?* I think not. Both the employer and employee are confined to the express provisions of the statute. As I construe the statute, the Legislature had it in mind that before an employer should be onerated with a heavy surgeon's fee of $1,500 he should be consulted and given an opportunity to comply with the statute. Of course, he could not arbitrarily refuse any request made by the employee. A liberal construction of this statute is not authorized so as to create duties, rights and liabilities which do not exist.

I am not in disagreement with the majority that an injured employee may engage the services of his own doctor, but he should at least consider the rights of his employer before so doing. The employee could very well say to his employer, "I feel that my own doctor should be consulted with regard to my condition", and it is my view that the employer would in these circumstances be required to consult with a doctor of the petitioner's choosing. But he cannot arbitrarily and without reason abandon the services tendered him and proceed to pile

up an enormous medical bill incurred by himself with other doctors attempting to furnish medical aid. I feel that my view of the instant case is supported by *Irwin v. Fulton Sylphon Co.*, *supra*.

In Schneider's Workmen's Compensation Law, Section 2005, Volume 10, page 43, it is said:

"An injured employee is not entitled to be treated 'at any particular clinic, or by any particular doctor,' but the employer is required to furnish 'reasonable medical, surgical, or other treatment as may be reasonably necessary.'"

\* \* \* \* \* \*

"The employee may not abandon proper medical and hospital service being provided by the employer, obtain other such service and expect the employer to pay for it." (Volume 10, page 46.)

In 58 Am. Jur. (Workmen's Compensation), Section 328, it is said:

"As a result of the privilege given the employer of selecting the physician or hospital to care for the injured employee, it necessarily follows that the employer cannot be held liable in a case in which the employee unreasonably refuses to accept the services of the designated physician or hospital."

In these circumstances we take judicial notice of the fact that doctors and surgeons often differ in their diagnosis as to whether or not the petitioner's disability results from his occupation, and in fact whether he has any disability at all from any cause. It is also a well known fact that they disagree as to the need of surgery. This important issue should not be left to the employee's

doctor alone. It is my view that the real object of the Workmen's Compensation Law in requiring the employer to furnish medical aid and the employee to accept it was that there should be a consultation between them in order to fix liability where the employee elects to insist upon the services of a doctor of his own selection.

The case of *Stone & Webster Eng. Corp. v. Davis,* 191 Tenn. 42, 231 S.W.2d 376, 380, does not control the instant case. The question of notice to the employer by the employee that he desired further medical aid was not challenged in the trial court. On the defendant's request for a "finding of facts" as to six important factual issues no mention was made as to charges for medical and hospital expenses. It is true the question of notice was considered, but, as we said: "Since the assignment of error does not complain of any excess in charges for hospitalization, the finding of the trial judge will not be disturbed." The total award for medical and hospital expenses was only $217. At that time the statute provided that where the expense exceeded $200 the injured employee shall have the right to petition the court to require the employer to pay the added expense, but not to exceed $300 for medical expense and $200 for all hospital expenses. It thus plainly appears that at that time the statute recognized the right of the employer to have notice of the added financial burden that might be adjudged against him.

I entertain the greatest respect for my brother Prewitt's opinion. But under his holding the rights of the employer to name a group of doctors, "three *or more*" from which the employee shall select, is entirely disregarded.

I am not in disagreement with the Court as to the compensation allowed in these cases. I only dissent as to the amount of doctors' and hospital bills which the petitioner incurred by the employment of his physician.

TOMLINSON, JUSTICE, joins in this dissent.