WIGGINTON, Chief Judge.
The employer petitions for review by cer-tiorari of an order entered by the Florida Industrial Commission, which affirmed the compensation order of its deputy. It is contended by petitioner that the deputy’s order is not sustained by substantial, competent evidence, and should therefore be quashed.
The employee, Frank Burgess, now deceased, a thirty-nine year old male, was working for Covell Construction Company on August 4, 1958. On the afternoon of that date the deceased was admitted to Lakeside Hospital in De Funiak Springs. A diagnosis revealed that he was suffering a typical attack of coronary thrombosis with infarction, for which the usual treatment was prescribed. Three days later deceased developed pneumonia, and approximately forty-eight hours before his expiration on August 23, 1958, he developed a saddle thrombosis of the lower abdominal aorta which was followed by shock that became progressively worse until the time of death. The immediate cause of death was pulmonary embolus.
*178 Although the deceased’s widow, his brother-in-law, and his cousin all testified as to conversations they had with deceased after his admittance to the hospital, no one having personal knowledge of the conditions leading up to the deceased’s admission to the hospital appeared or testified in the proceedings. The essence of their testimony is to the effect that on the day when deceased first became ill he was working inside a metal railroad gondola car unloading gravel; that at about 9 or 9:30 A.M. the deceased became overheated and decided to leave the car and sit in the shade in order to cool off; that in swinging down from the car by his left arm, he felt a ■sharp pain in his chest; that after resting he returned to his job and continued working until about 4 o’clock in the afternoon when he again became overheated and complained of pain. He was immediately taken to the hospital for observation and .treatment.
The only medical proof offered on behalf of the claimant was the testimony of his attending physician. He testified that he first saw deceased at the hospital on the day following his admission; that the deceased was suffering considerable pain and ■the only history which the doctor was able to get from the patient was that he had be•come overheated some time during the day ■of his admission; that after sitting a while .in the shade perspiring profusely and experiencing pain in his chest, he returned to ■work and later in the same day suffered a .■second collapse.
The deputy’s order is based upon a finding that the coronary thrombosis suffered by the deceased was precipitated by 'becoming overheated during the course of his employment while working inside of -the railroad car unloading gravel, and that the employee’s death was caused by a natural and logical sequence of events directly related to the original coronary thrombosis.
Petitioner insists that there is no competent or substantial evidence in the record to sustain the deputy’s finding that the deceased became overheated while working in the course of his employment. It is pointed out that the only evidence from which this finding could be made was the uncorroborated hearsay evidence given by the deceased’s wife, brother-in-law, cousin and attending physician, none of whom had personal knowledge of the conditions which prevailed at the time deceased became ill and was taken to the hospital. Our attention is invited to that section of the Workmen’s Compensation Act, which provides that declarations of a deceased employee concerning the injury out of which his claim arose shall be received in evidence, but will not be considered sufficient to establish the injury unless corroborated by other evidence.[1] The petitioner’s position in this respect must be sustained. All the evidence with respect to the conditions prevailing at the time deceased allegedly became overheated and ill is hearsay in character and totally uncorroborated by any other evidence.
Petitioner further contends that even assuming that the hearsay evidence was sufficiently competent to sustain the deputy’s finding that deceased became overheated from his work on the day of his admission ' to the hospital, that nevertheless the medical proof falls short of sustaining the deputy’s finding that there was a causal connection between such overheated condition and the coronary attack which caused deceased’s death.
*179 The doctor who appeared and testified in the proceeding was extensively examined and cross-examined both by counsel for the respective parties and by the deputy commissioner. We have carefully reviewed this testimony and are forced to the conclusion that when considered in a light most favorable to the claimant, giving him the advantage of all reasonable inferences which may be reasonably drawn therefrom, it cannot be said that it is sufficient under the rule prevailing in this jurisdiction to establish a causal connection between the accident suffered and the cause of death.
The doctor testified that coronary thrombosis is not an occupational disease, but is one which develops over a considerable period of time. He stated that it has been medically established that any one of a number of distinguishable events, such as overexertion, overheating, mental or emotional stress, trauma or shock is capable of precipitating or triggering a coronary attack. He frankly admitted, however, that medical science has not progressed to the point where it can be determined with any reasonable probability that the occurrence of any one of such events is in fact the precipitating cause of an ensuing coronary attack in any given case. It was his opinion that such an attack may be precipitated by an independent cause totally unrelated to the event which manifested itself at the onset of the attack. He stated that when a person becomes overheated the cardiac load is increased and such condition could trigger a coronary thrombosis, but he would not state with any assurance that in this case deceased’s overheated condition was the basic cause of the attack which ultimately resulted in his death. In short, the doctor frankly admitted that while the deceased’s overheated condition could have brought on the heart attack, the attack could as easily have been precipitated by any one of a number of causes independent of his working conditions.
Although a claimant under the Workmen’s Compensation Act is not bound to the burden of proving his claim by a preponderance of the evidence, an award will not be permitted to stand when based on mere speculation or conjecture.[2] And where heart failure is the immediate cause of death, there must be some substantial evidence which tends to show, not with certainty but with reasonable probability, that the accident occurring in the course of employment either caused or set in motion other conditions which caused the heárt failure.[3]
Tested by the foregoing rule, a burden rested on the claimant in this case to establish that the deceased’s overheated condition resulting from his employment triggered or precipitated the coronary attack which ultimately caused his death. The record is devoid of any competent evidence tending to prove this fact. The medical expert testified that he cottld not say from his examination of the deceased whether the coronary attack occurred before or after deceased became overheated while working in the railroad car.
A similar factual situation was present in the Minute Maid case recently decided by the Second District Court of Appeal.[4] It was there held that claimant’s failure to establish a causal connection between the alleged heat exhaustion and the coronary thrombosis which produced death was fatal to recovery.
Here, even if we assume that decedent’s overheated condition preceded the coronary attack, the medical testimony proves little more than that the overheated condition could have triggered the attack to the same extent as could have *180 a number of other causes unrelated to the employment.
We therefore hold that the deputy’s findings upon which the award is based are not supported by any substantial competent evidence. Certiorari is granted and the order appealed from is quashed and the cause remanded with directions that an order be entered reversing the order of the deputy commissioner and directing dismissal of the claim.
STURGIS, J., concurring specially.
CARROLL, DONALD, J., concurring in part and dissenting in part.-

. Sec. 440.29, F.S., F.S.A., “(1) In making an investigation or inquiry or conducting a hearing the commission shall not be bound by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry, or conduct such hearing -,in such manner as to best ascertain the rights of the parties. Declaration of a deceased employee concerning the injury in respect of which the investigation or inquiry is being made or the hearing conducted shall be received in evidence and shall, if corroborated by other evidence, be sufficient to establish the injury.”

. Johnson v. Dicks, Fla.1954, 76 So.2d 657.

. Arkin Construction Co. v. Simpkins, Fla. 1957, 99 So.2d 557.

. Minute Maid Corporation v. Florida Industrial Commission, Fla.App.1958, 104 So.2d 104.