156 So.2d 494 (1963)
Winston CARRAWAY, Jr., Petitioner,
v.
ARMOUR AND COMPANY and the Florida Industrial Commission, Respondents.
No. 31978.
Supreme Court of Florida.
September 11, 1963.
Donald G. MacKenzie, Miami, for petitioner.
Summers Warden, Miami, and Steve M. Watkins, of Truett & Watkins, Tallahassee, for Armour & Co.
Burnis T. Coleman and Patrick H. Mears, Tallahassee, for Florida Industrial Commission.
COLLINS, THOMAS J., Circuit Judge.
This is a workmen's compensation case within which the deputy commissioner made the finding that the petitioner-employee, Winston Carraway, Jr., "sustained or aggravated an obstruction, causing a `paraduodenal' hernia; * * *." The employer controverted upon two grounds: (1) That the claimant did not suffer an accident arising out of and in the course of employment, *495 and (2) that there was no causal connection. The Industrial Commission reversed.
The deputy commissioner took the position that there was a compensable claim under § 440.15(6) (f), in effect determining that the injury constituted a hernia within the contemplation of that section. The Commission disagreed, saying: "In our opinion, the deputy commissioner has erred in treating the claimant's condition as a `hernia' under Section 440.15(6) (f), F.S. This Commission has previously held in Harris v. South Broward Water Company Decision No. 2-853, 1959, that a `diaphragmatic hernia' was not covered by said Section 440.15(6) (f); and we discussed the types of internal and external ruptures contemplated and not contemplated by the `hernia' paragraph."
We are in agreement with the opinion of the Commission that the injury did not fall within § 440.15(6) (f), and approve its language:
"In order to determine the legislative intent as to what hernias are encompassed by the terms, `inguinal, femoral, or otherwise,' rules of statutory construction must be applied. In Ex parte Amos, 1927, [93 Fla. 5] 112 So. [289] at page 293, the court stated the following:
"`The rule has long been generally accepted as a controlling one in statutory construction. It simply means that:
"`"Where an author makes use first of terms each evidently confined and limited to a particular class of known species of things, and then after such specific enumeration subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet when thus used embraces only things ejusdem generis; that is, of the same kind of species with those comprehended by the preceding limited and confined terms."
"`The maxim is a mere specific application of the broader maxim "noscitur a sociis," which means that general and specific words which are capable of an analogous meaning being associated together take color from each other, so that the general words are restricted to a sense analogous to the less general.'
See also Townsend v. State, 1912, [63 Fla. 46], 57 So. 611, approving the doctrine of `noscitur a sociis or ejusdem generis.'
"It can be readily seen that the word `otherwise', in the hernia statute, refers to hernias that are similar to those specified, to the inguinal or femoral hernias. `Paraduodenal hernias' are conditions of a completely different nature. One certainly would not contend that a herniated disc, a ruptured blood vessel, or a ruptured organ would be included within the purview of Section 440.15(6), F.S., relating to `hernias'."
The Commission observes that "such error is immaterial * * *." Once again we agree but thereafter our roads part company, the Commission determining that "* * * the claimant failed to show an accident and failed to show a causal relationship within a reasonable medical probability."
The petitioner was twenty years of age at the time of the injury on January 17, 1961, and was working for the respondent, Armour & Company, in the handling of heavy sections of beef weighing as much as 170 to 200 pounds. The claimant said: "I suddenly felt a sharp pain in my stomach."
Dr. Charles F. Biggane, the claimant's attending physician, first saw him December 21, 1960, and testified that at that time "he had signs and symptoms of a small bowel obstruction * * *."
Dr. Biggane was asked this question:
"Q. Do you think his lifting and work as such, the type of work he was employed in, aggravated it?

*496 "A. It would be my opinion that that could happen."
He further testified: "To determine whether a hernia ensued from the pain in the stomach is difficult. * * * From this type of work and with the findings I subsequently found in operation, I can see how lifting could have made the condition he may have had before or could have helped to cause the condition that he subsequently had, depending somewhat upon what one's opinion is as to the cause of these hernias. There is a controversy as to whether they may not have been there all their lives or whether they develop as time goes on. I believe, however, though, that lifting could have made it worse in either case."
In Covell v. Burgess, Fla.App., 115 So.2d 177, First District, the court in passing upon a cardiac case indicated that an award would not stand when "based on mere speculation or conjecture." We are not unmindful of the competent, substantial evidence rule and in arriving at our conclusion we have considered United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741; DeGroot v. Sheffield, Fla., 95 So.2d 912; Arkin Construction Company v. Simpkins, Fla., 99 So.2d 557-559; and Minute Maid Corporation et al. v. Florida Industrial Commission et al., Fla. App., 104 So.2d 104. These cases are to be distinguished from the one at hand, and we do not feel them to be controlling.
In Stone & Webster Engineering Corporation v. Davis, 191 Tenn. 42, 231 S.W.2d 376, Tennessee, the employee jumped from a truck in order to avoid an acid burn and immediately thereafter felt a sharp pain which later was diagnosed as a rupture. The attending physician was questioned as to whether or not the jump was the cause of the confirmed hernia, to which he replied: "I would say it could be." The court held this sufficient, observing, however, that "A judgment cannot rest upon mere conjecture."
Dr. Biggane testified that he was a graduate of the University of Pennsylvania Medical School, with a year's residency at Philadelphia General, one year pathology residency at Metropolitan Hospital, a year of general residency at St. Francis Hospital, and three years surgical residency in the Veterans' Hospital in Coral Gables. At the time he was specializing in general surgery.
The employer produced no expert medical testimony, hence we do not find conflict. The deposing surgeon is a member of an honorable and learned profession. We have witnessed in our day the trained and skilled hand accomplish the well-nigh miraculous. He has relieved pain and extended life, yet withal unto this profession the oracles of God have not been given. In intellectual honesty these gentlemen cannot speak with infallibility. They diagnose to the best of their ability, not venturing opinions of absoluteness. So it was with Dr. Biggane, who could not positively and without qualification say that the lifting of any piece or pieces of beef caused the paraduodenal hernia or aggravated a preexisting condition. He testified guardedly and with commendable reserve; no more could be demanded of him. Is the fact that he could not pinpoint the cause-effect relationship to defeat the claim of the petitioner? We think not. He found a "compatibility" relationship. In Atlantic Marine Boat Yard, Inc. et al. v. Daniel, 138 Fla. 864, 190 So. 612, the court said: "* * * this Court will not place a strained construction upon the statute in order to deprive the injured appellant of the compensation benefits which he should have as a matter of law and unimpeached fact." Again in Duff Hotel Co. et al. v. Ficara et al., 150 Fla. 442, 7 So.2d 790, the court expressed itself in these words: "To establish injury within the terms of the statute the claimant is not bound by the rigid rules of proof and interpretation that govern in criminal and law cases."
In Johnson v. Dicks, Fla., 76 So.2d 657, text 661, a workmen's compensation case, the court said: "* * * in workmen's compensation cases * * * the claimant *497 is not bound by the preponderance of evidence rules * * *." Still further in the same case the court observes that "* * * where a logical cause was shown for the injury, it became a responsibility of the carrier or employer to overcome such proof by showing that another cause was more logical and consonant with reason." In the case of Lyng v. Rao et al., Fla., 72 So.2d 53, to which reference is made in the Johnson v. Dicks case, the court notes that "Even if the cause was doubtful it would be our duty under the law and the basic philosophy of Workmen's Compensation Acts to resolve such doubt in favor of the claimant."
In the Journal of the Academy of Florida Trial Lawyers, Vol. 22 (April of 1963) Attorney William R. Colson of the Miami Bar reviews the decisions of the appellate courts of this state under the title of "Sufficiency of Medical Opinion as to Causation". In addition to citing the Florida cases touching upon this point of law the author also gave an outline of positions assumed by courts of appeal of our sister states.
It is our opinion that the deputy commissioner arrived at a substantially correct conclusion though he erroneously proceeded under § 440.15(6) (f), whereas the injury should have been treated as non-scheduled and benefits awarded accordingly. We are reminded of Goldsmith's RETALIATION:
"The pupil of impulse, it forc'd him along,
His conduct still right, with his argument wrong;
Still aiming at honour, yet fearing to roam,
The coachman was tipsy, the chariot drove home; * * *."
Mr. Justice Bleckley in Lee v. Porter, 63 Ga. 345, appropriately quoted the above.
We feel that the Industrial Commission was in error in reversing the deputy commissioner, hence certiorari is granted, the order of the Industrial Commission quashed and the cause remanded to the deputy commissioner with directions for the entry of an order in keeping with our enunciations.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.
THOMAS, O'CONNELL and CALDWELL, JJ., dissent.