FILED

June 2, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:36 AM



# COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Michael W. Boshers**

**EMPLOYER: City of Camden**

**DOCKET #: 2015-07-0008**
**STATE FILE#: 68602-2014**
**DATE OF INJURY: August 29, 2014**
**JUDGE: ALLEN PHILLIPS**

**INSURANCE CARRIER/TPA: TML Risk Management**

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge telephonically on May 7, 2015, upon the Request for Expedited Hearing filed by the Employee, Michael W. Boshers (Mr. Boshers), on April 6, 2015, pursuant to Tennessee Code Annotated section 50-6-239 to determine if the Employer, the City of Camden (the City), is obligated to provide medical benefits consisting of a panel of neurosurgeons.

Charles L. Hicks represented Mr. Boshers. Robert O. Binkley represented the City. Considering the applicable law, Mr. Boshers' testimony, documentary evidence, argument of the parties and the technical record, this Court determines that Mr. Boshers is entitled to a panel of neurosurgeons.

## ANALYSIS

### Issue

*Whether Mr. Boshers is entitled to a panel of neurosurgeons for evaluation of his injury.*

### Evidence Submitted

The Court designated the following as the technical record:

- Petition for Benefit Determination
- Dispute Certification Notice
- Request for Expedited Hearing.

The Court did not consider attachments to the above filings not admitted into evidence

1

during the Expedited Hearing. The Court considered factual statements in the above filings and their attachments as allegations unless established by the evidence.

The following documents were admitted into evidence:

Exhibit 1: Office note of Dr. Ken Berry (November 13, 2014)
Exhibit 2: Choice of Physician Form (C-42)
Exhibit 3: Office notes of Dr. Ken Berry (September 3, 2014 and October 21, 2014)
Exhibit 4: Letter from Dr. Ken Berry regarding work restrictions (April 20, 2015)
Exhibit 5: Office note of Dr. Heather Gladwell (June 25, 2014)
Exhibit 6: Office note of Dr. Heather Gladwell (October 2, 2013).

Mr. Boshers testified at the hearing.

## History of Claim

Mr. Boshers has worked for the City as a maintenance operator for twenty-five (25) years. On August 29, 2014, while operating a City vehicle, Mr. Boshers was involved in a motor vehicle accident when he struck the rear of a car stopped at an intersection. The parties do not dispute the occurrence of the accident but do dispute the severity of the impact.

At the hearing, Mr. Boshers testified that as he approached an intersection in Camden, he noted a stopped vehicle at a three-way intersection. The other vehicle began moving forward, he looked both ways to proceed and when he turned back to the front, the other vehicle suddenly had stopped. He struck the vehicle. He felt no neck pain at the time but did feel pain later that evening. Because the accident occurred on a Friday before a holiday (Labor Day), he did not report the injury until the following Tuesday. He reported to the City's representative who provided a panel of physicians.

Mr. Boshers chose Dr. Ken Berry from the panel. Ex. 2. On September 3, 2014, Mr. Boshers saw Dr. Berry and related a history of being "in a wreck on Friday on the job." He ran into the back of a car and "didn't seem to hurt until 3 or 4 hours after the wreck." His neck was "stiff and very sore." The note indicated the visit was "workers comp/city of Camden." After examination, Dr. Berry diagnosed "neck pain or cervicalgia" and a "cervical sprain or strain." Dr. Berry advised Mr. Boshers to return if his symptoms worsened or if "problems develop." Ex. 3, pages 1-2.

Mr. Boshers returned to Dr. Berry on October 21, 2014. The note again documented the visit was "workers comp/city of Camden." At that visit, he complained he was "no better," that his medications were "not working," and that his pain now radiated "down his shoulder." The diagnosis was unchanged but Dr. Berry added "motor vehicle collision" under the "Assessment" heading. Dr. Berry recommended an MRI. Following the MRI, Mr. Boshers returned on November 11, 2013, and Dr. Berry recommended a neurosurgical "consultation." The "reason for consultation" was noted as, verbatim, "left sided cervical radic and abnormal MR Cerv; please eval and treat."

2

After Dr. Berry referred Mr. Boshers to a neurosurgeon, Mr. Boshers discussed the matter with a representative of the City's workers' compensation carrier. The referral was denied. He desires to see a neurosurgeon and prefers Dr. Schwartz, who is located in Camden. He is off work due to restrictions from Dr. Berry until "cleared" by a "surgeon." Ex. 4.

On cross-examination, Mr. Boshers admitted that he had a prior claim against the City in 2005 for a left shoulder injury. He denied that he asked for evaluation of neck complaints under the future medical provisions of that claim. He also admitted he had a March 4, 2013 claim and a February 19, 2013 claim for neck injuries. In these prior claims, Mr. Boshers requested neurosurgical referrals in requests for assistance with the Department of Labor. He was aware that MRI scans previously performed on his neck were "abnormal" but denied the existence of a ruptured disc. He denied prior complaints of pain and numbness on the left side were the reasons for the neurosurgical referrals.

The City introduced an office note of Dr. Heather Gladwell dated June 25, 2014. Ex. 5. On that date, Mr. Boshers saw Dr. Gladwell in follow-up for a shoulder surgery. He reported pain "radiating down his shoulder into his fourth and fifth fingers." He also reported "numbness and tingling." Dr. Gladwell "explained to the patient today that [sic] is sometimes difficult to differentiate between pain originating from the neck or from the shoulder." Based upon the current physical findings, history and the MRI, Dr. Gladwell opined that the complaints were related to the cervical spine "consistent with pathology at the C6-C7 level." She recommended a referral to a neurosurgeon.

The City also offered a note of Dr. Gladwell of October 2, 2013. Ex. 6. At that visit, Dr. Gladwell recommended a referral to an orthopedic or neurosurgeon. Mr. Boshers did not recall this conversation with Dr. Gladwell.

On cross examination, Mr. Boshers admitted that his vehicle had minimal damage but that the other vehicle suffered more severe damage. The bumper of the other car was "bent underneath the car." He described the impact as a five on a ten scale and that he was knocked forward by the impact. Since the accident, his neck pain had increased in severity. Mr. Boshers did not recall telling representatives of the City who took his statements for purposes of past claims that he had the same complaints before the accident in question. He did admit in his redirect testimony that he had pain, numbness, and tingling in the left arm and shoulder, but claimed it worsened after the August 29, 2014 accident.

## Mr. Boshers' Contentions

Mr. Boshers contends he is entitled to a panel of neurosurgeons for evaluation of his injury. He specifically requests a referral to Dr. Schwartz, a neurosurgeon in Camden. Dr. Berry, the approved physician, recommended a referral to a neurosurgeon. Regardless of any previous referral from Dr. Gladwell to a neurosurgeon, the City never provided such referral. Mr. Boshers asserts that he was working full time for the City until the accident at issue and now cannot work due to the injury.

The medical records of Dr. Berry clearly indicate that his treatment of Mr. Boshers was

3

related to the accident of August 29, 2014. The records of Dr. Berry establish that Mr. Boshers' condition more likely than not arose out of the accident of August 29, 2014.

**The City's Contentions**

The City opposes any neurosurgical referral. For this injury date of August 29, 2014, Tennessee Code Annotated section 50-6-102(13) requires that Mr. Boshers establish that his need for medical treatment arose primarily out of his employment. The same standard is required for proof of an aggravation of a preexisting condition. The injury must contribute at least fifty percent (50%) in causing the need for medical treatment when considering all causes.

The City argues that neither Dr. Berry's neurological referral nor any other medical proof before the court sets forth a causation opinion. Dr. Berry's note from the first office visit noted Mr. Boshers had a stiff and sore neck. It was not until October 2014 that Mr. Boshers complained of radiating pain. Dr. Gladwell's records indicate Mr. Boshers had left-sided complaints in 2013. The "bottom-line" of the City's argument is that there is no causation opinion in the record and "certainly" not an opinion that the injury contributed more than fifty percent (50%) to the cause of Mr. Boshers' condition.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

For injuries on or after July 1, 2014, the employee must show that an injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence "unless the statute provides for a different standard of proof." The statute provides a different standard of proof for an Expedited Hearing where a workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits given the evidence. Tenn. Code Ann. § 50-6-239(d)(1)(2014); *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015); *cf.*, *McCall v. Natl. Health Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). In making such determinations, the workers' compensation law is not to be construed either remedially or liberally, but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor the employer. Tenn. Code Ann. § 50-6-116 (2014).

*Factual Findings*

The Court finds that Mr. Boshers was involved in a motor vehicle accident in the course of his employment with the City on August 29, 2014. The City acknowledged the claim and provided a panel of physicians. Mr. Boshers chose Dr. Berry and he became the authorized treating physician.

Dr. Berry's office note of September 3, 2014, records a history of the motor vehicle

accident and his note of October 21, 2014, records an automobile accident.

Dr. Berry referred Mr. Boshers to a neurosurgeon on November 13, 2014. He did not specify a particular neurosurgeon. The City did not provide Mr. Boshers a neurosurgical physician or panel of physicians.

*Application of Law to Facts*

Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to provide an employee medical treatment made "reasonably necessary" by an injury as defined under the Workers' Compensation Law. As a further requirement, the employer is to provide a panel of physicians from which the employee might choose a provider. Tenn. Code Ann. § 50-6-204(3)(A)(i)(2014). In this case, the City complied with the statute by providing Mr. Boshers a panel. He chose Dr. Berry who became the approved physician. Tennessee law presumes the necessity of medical treatment of both the approved physician and also of other physicians to whom the approved physician makes a referral. Tenn. Code Ann. § 50-6-204(a)(3)(H)(2014); *Cf. Russell v. Genesco*, 651 S.W.2d 206, 211 (Tenn. 1983). Thus, Dr. Berry's treatment *and* his referral to a neurosurgeon are presumed reasonable.[1] To date, the City has not complied with the second requirement of section 204, namely, providing the neurosurgical evaluation, because it contests whether the need for the neurosurgical evaluation is causally related to the injury at issue.

Except in the most obvious, simple and routine cases, the claimant in a workers' compensation action must establish by expert medical evidence the causal relationship between the claimed injury and the employment activity. *Orman v. Williams Sonoma, Inc.* 803 S.W.2d 672, 676 (Tenn. 1991). For injuries on or after July 1, 2014, the injury is "accidental" only if it is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence. See Tenn. Code Ann. § 50-6-102(13)(A)(2014). An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment

---

[1] For injuries on or after July 1, 2014, Tennessee Code Annotated section 50-6-204(3)(A)(ii) provides:

> When necessary, the treating physician selected in accordance with this subdivision a)(3)(A) shall make referrals to a specialist physician, surgeon, or chiropractor and immediately notify the employer. The employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups. In this case, the employee may choose a specialist physician, surgeon, chiropractor or specialty practice group to provide treatment only from the panel provided by the employer.

Tenn. Code Ann. § 50-6-204(3)(A)(ii)(2014). The Court finds this statute is not applicable to the facts of the case at bar because, though it is clear that it learned of the neurosurgical referral of Dr. Berry, Dr. Berry did not specify a specific physician. In addition, the City is not precluded from contesting the claim. To read this statute otherwise would mean that anytime the approved physician makes a referral that the employer would have to provide a panel and lose its ability to contest a claim. The clear intent of this statute is to prevent delay of specialized care to an employee by limiting the amount of time that an employer has to provide a specialist panel and not to prohibit the employer from contesting the underlying claim for benefits.

contributed more than fifty percent (50%) in causing the injury, considering all causes. See Tenn. Code Ann. § 50-6-102(13)(B)(2014). The Tennessee Supreme Court has held that if it is apparent to the rational mind, after considering all of the circumstances, that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury, then such accidental injury "arises out of one's employment." *Crew v. First Source Furniture Group*, 259 S.W.3d 656, 664 (Tenn. 2007).[2] Importantly, like the language in *Crew*, the current statute specifically includes the phraseology "considering all causes" in the definition of injury. See Tenn. Code Ann. § 50-6-102(13)(2014).

The City argues that there is inadequate proof of medical causation under the current statutory definition. The Court respectfully disagrees. At his initial evaluation of September 3, 2014, Dr. Berry, the authorized treating physician, documented that Mr. Boshers was injured in a motor vehicle accident on August 29, 2014, and noted the visit as "workers comp/city of Camden." On October 21, 2014, Dr. Berry noted under his "Assessment" that the injury was a motor vehicular accident. Arguably, these statements alone might establish causation. However, at this Expedited Hearing stage of the case, Mr. Boshers is not required to establish causation by a preponderance of the evidence to receive medical benefits. Instead, pursuant to statute, he must show that he is likely to prevail on the issue at a hearing on the merits.

Notably, Mr. Boshers is seeking only medical benefits in the form of a panel of neurosurgeons. To prove entitlement to medical benefits, the statute does not require an employee to present medical proof of an injury before an employer is required to provide the benefits. Rather, the statute contemplates that an employer will provide medical care upon receipt of notice of the injury, and then, during the course of treatment and examination, the panel doctor will render an opinion on causation. See Tenn. Code Ann. § 50-6-102(13)(2014). Otherwise, an employee would be forced to seek medical care on his own to begin a claim. However, this premise is not without limitation. Simply reporting an injury in every situation may not compel the provision of benefits. Depending upon the particular circumstances presented, an employer's investigation may reveal facts that prompt a denial of the claim at the outset. When such is the case, an employer should not be denied the right to deny a claim, after adequate investigation, based upon facts that do not support the occurrence of an injury. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). The employee must then "come forward with sufficient evidence from which the trial court can determine that the employee likely will prove a compensable 'injury by accident' at a hearing on the merits in accordance with section 50-6-239(d)(1)." Id. at 7[3].

---

[2] Reliance on precedent from the Tennessee Supreme Court is appropriate unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the General Assembly through statutory amendments. Here, the current statute still requires a full consideration of the circumstances in determining causation, an element essential for a finding an injury arises out of the employment, and necessarily compels a complete medical workup for an injury.

[3] The Court is mindful that *McCord* addresses an appeal of an interlocutory order of the Court of Workers' Compensation Claims and, as such, the issues in McCord have not yet stood for trial on the merits. However, regardless of the ultimate resolution of *McCord*, the directives of the Appeals Board as to the applicable standard of proof at an Expedited Hearing are binding authority on this Court.

The Court has considered the City's argument that Mr. Boshers has had several claims for injury against the City and notes that he complained of symptoms of a similar nature in the past when treated by Dr. Gladwell. In fact, Dr. Gladwell recommended a neurosurgical referral on June 25, 2014. The record is devoid of any evidence that the City provided the referral recommended by Dr. Gladwell. Even though Mr. Boshers has had multiple claims against the City, and even though he was referred by Dr. Gladwell for a neurosurgical evaluation prior to the present injury, the City cannot avoid providing medical treatment recommended by the approved physician for this injury. The evidence establishes an incident, provision of a panel for approved medical treatment, and a recommendation from Dr. Berry for further evaluation by a specialist. As the treating physician, Dr. Berry's opinions are presumed correct under Tennessee Code Annotated section 50-6-102(13)(E).

As stated in *McCord*, an employer might deny a case at the outset based upon facts sufficient to establish that an injury did not occur. The facts in this case do not support such a denial. With no neurosurgical evaluation to date, the City cannot argue that Mr. Boshers has failed to prove causation when the referral might answer the very questions it has regarding both an accurate diagnosis and the specific cause of Mr. Boshers' injury. Of course, nothing in this interlocutory order should in any way be construed as preventing a full hearing on the issues at any subsequent hearing on the merits.

Mr. Boshers requests that Dr. Schwartz, described only as a neurosurgeon located in Camden, perform the evaluation. The Court declines such an invitation. Tennessee law has long held that the employer has the right, in the first instance, to select the doctor or physician to provide medical treatment. *See, e.g., Atlas Powder Co. v. Grant*, 200 Tenn. 617, 293 S.W.2d 180 (1956). Under law, the City has the privilege of selecting the panel of physicians. Mr. Boshers then has the privilege of selecting a physician from that panel.

**IT IS, THEREFORE, ORDERED** as follows:

1. The City shall provide a panel of neurosurgeons from which Mr. Boshers might choose a physician for evaluation and/or treatment of the injury of August 29, 2014. The parties shall provide to that physician all medical records and other pertinent information for the physician to make a determination as to the causation of Mr. Boshers' current condition.

2. This matter is set for Initial Hearing on August 24, 2015, at 9:00 AM Central Time.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

7

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 2nd day of June, 2015.**

_____
**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Judge Allen Phillips, Court of Workers' Compensation Claims. You must dial in at 731-422-5263 or 855-543-5038 toll free to participate in your scheduled conference.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.** All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven (7) business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Request for Appeal upon the opposing party.

8

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Clerk of Court shall submit the record to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|------------------|---------|------------|-----------|---------------|
| Charles L. Hicks | | | | | X | Larry_hickslaw@bellsouth.net |
| Robert O. Binkley | | | | | X | rbinkley@raineykizer.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov