ATLANTIC MARINE BOAT YARD, INC., Employer, and THE OCEAN ACCIDENT & GUARANTY CORP., LTD., Insurer, v. JOHN H. DANIEL, JR.

190 So. 612
Opinion Filed May 16, 1939
Rehearing Denied June 16, 1939

*Keen & Allen* and *Knight & Green,* for Appellants;

*George H. Salley* and *Richard H. Hunt,* for Appellee;

*Robert W. Davis, Walter E. Rountree* and *Petteway & Gwynn,* as *Amicus Curiae.*

PER CURIAM.—The record in this cause shows that John H. Daniel, Jr., filed a claim before the Florida Industrial Commission against Atlantic Marine Boat Yard, Inc., and The Ocean Accident & Guarantee Corp., Ltd., the employer and its insurer, respectively. The petition showed that while pushing a boat into the water on the railway, the roller on the truck struck a joint on the rails and the employee tried to push it over the joint and felt a stinging sensation in his right side. This accident occurred on October 4, 1936, and the employee continued in his employment until November 1, 1936, when he observed a slight bulging in his groin and was examined by a physician on February 9, 1937. The doctor reported that the employee had a right inguinal hernia with relaxation of the ring and thinning of the entire muscle of this area.

The employer denied liability on the grounds that the claimant's injury was not the result of an accident and did not come within the provisions of Section 15, paragraph (f) of the Workmen's Compensation Act, being Chapter 17481, Laws of Florida, Acts of 1935.

Testimony was taken on the issues presented before a Deputy Commissioner on April 29, 1937. The employee testified and Mr. R. P. Daniels, a brother of the employee, testified, and a certificate of Edwin C. Thomas, M. D., examining physician of the employee, was offered in evi-

dence. There was no other evidence offered. On the 17th day of May, 1937, Wendell C. Heaton, chairman of the Florida Industrial Commission, after reviewing all the evidence offered and the law applicable to the case, made and entered an order that the claim for compensation and operation, as provided by law, be denied and the case dismissed. From this order an appeal was taken to the Circuit Court of Dade County, Florida, on the 12th day of July, 1937, when the order denying the claim and dismissing the case were assigned as error. The case was heard upon appeal by the Honorable Arthur Gomez, Circuit Judge of Dade County, Florida, when he made and entered an order reversing the order as made by the Florida Industrial Commission, and held that the employer should pay all costs, fees, doctor's bills and hospital charges arising from a radical operation in connection with the hernia; and further required compensation for four weeks from date of operation of fifty per cent of the employee's weekly wages.

An appeal was perfected to this Court from the order of the Circuit Court dated October 11, 1937, and the said order is assigned as error. Briefs have been filed by the respective parties and argument of counsel has been heard at the bar of this Court. Counsel for appellant cited a number of cases in support of their contention that the order or decree appealed from should be reversed. We have examined these citations and find that these decisions construe Compensation Acts dissimilar to the Florida Compensation Act, and for this reason the cited authorities are not helpful.

The sole question to be determined by this Court is whether or not the Circuit Court properly applied the Florida Workmen's Compensation Act to the facts appearing in the record. The language used by the lower court can be adopted here, viz:

"It is apparent from the languıge of the award that the sole ground upon which the commission denied compensation results from their conception that the statute requires the claimant, in establishing a compensable claim, to show that the hernia became immediately visible following the accident and that an outward protrusion of the same was forthwith noticed by the claimant.

"In this the Florida Industrial Commission is in error. No such interpretation of the section hereinabove quoted is either justifiable or permissible in the light of the unrebutted evidence in this case. Even without the aid of the presumption in his behalf provided by Section 5966 (26), to-wit:

" 'Presumptions.—In any proceeding for the enforcement of a claim for compensation under this law it shall be presumed, in the absence of substantial evidence to the contrary:

" '(a) That the claim comes within the provisions of this law.

" '(b) That sufficient notice of such claim has been given.

" '(c) That the injury was not occasioned primarily by the intoxication of the injured employee.

" '(d) That the injury was not occasioned by the wilful intention of the injured employee,'—claimant has clearly established a compensable claim. Supported by these presumptions there can be no possible question as to the sufficiency of the claimant's case. Not one word of evidence was submitted in opposition thereto, let alone, 'substantial evidence to the contrary,' and this Court will not place a strained construction upon the statute in order to deprive the injured appellant of the compensation benefits which he should have as a matter of law and unimpeached fact. The record discloses ample grounds for reversal. Not to do so

would not only impose an unwarranted hardship on the claimant in this case but it would also permit the establishment by the commission of a dangerous and unjust precedent with attendant possibilities of almost unlimited harm."

This Court has held by an unbroken line of decisions that on appeal to this Court, in equity as well as at law, a presumption exists in favor of the correctness of the ruling of the trial judge and it is the duty of a party resorting to an appellate court to make the errors complained of to clearly appear. See Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 40 So. 922; Foxworth v. Maddox, 103 Fla. 32, 137 So. 161; Fisher v. Guidy, 106 Fla. 94, 142 So. 818.

We do not overlook the fact that this case originated before the Florida Industrial Commission where evidence was taken and a final order was entered. An appeal from the final order of the Industrial Commission to the Circuit Court of Dade County resulted in a reversal of the order entered by the Industrial Commission. The order entered by the Circuit Court is now before this Court and this Court has held that upon an appeal, as well as upon writ of error, every presumption is in favor of the correctness of the ruling of the court below and this Court in passing upon an assignment of error based upon the sufficiency of the evidence to sustain the order has held such order or decree appealed from will not be disturbed where there is evidence to support it, or there appears conflicts in the evidence. See Davis v. Horne, 57 Fla. 396, 49 So. 505.

We have examined the evidence in this case and do not feel justified in disturbing the decree or order appealed from.

Affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.

BROWN, J. (dissenting)—In the findings of fact of the Florida Industrial Commission in this case, as set forth in the transcript, the following appears:

"The sections of the Florida Workmen's Compensation Act applicable to this question are as follows:

" 'Section 15, Paragraph (f) 'Hernia: In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of his employ, it must be definitely proved to the satisfaction of the Commission:

" '1. That there was an injury resulting in hernia.

" '2. That the hernia appeared suddenly.

" '3. That it was accompanied by pain.

" '4. That the hernia immediately followed an accident.

" '5. That the hernia did not exist prior to the accident for which compensation is claimed.'

"Section 26: 'In any proceeding for the enforcement of a claim for compensation under this Act it shall be presumed in the absence of substantial evidence to the contrary—

"(a) That the claim comes within the provisions of this Act.

"(b) That sufficient notice of such claim has been given.

"(c.) That the injury was not occasioned primarily by the intoxication of the injured employee.

"(d) That the injury was not occasioned by the wilful intention of the injured employee to injure or kill himself or another.'

"While the Act should be construed liberally, it should not be extended to cases which cannot reasonably be interpreted as within its scope, and especially so in cases of

hernia, because the intention of the Legislature is the primary rule of construction, and the Legislative intent manifests itself in Section 15, Paragraph (f), which restricts liability in this class of cases.

"The claimant's testimony in this case discloses that he was injured when he attempted to put a boat in the water, and, in so doing, felt a stinging sensation in his side; that he continued to work and did not discover the hernia until approximately twenty-seven (27) days later.

"The section cited above specifically provides that the hernia shall appear suddenly; so if the hernia did not appear for approximately twenty-seven (27) days after the alleged injury, it is clear that the claimant has failed to establish a compensable accident.

"While there is a presumption in the claimant's favor, his own testimony constitutes evidence to the contrary, which obliterates the presumption and removes this case beyond the purview of the Act."

In view of the quoted provisions of Paragraph (f) of Section 15 of the Florida Workmen's Compensation Act, as applied to the evidence in this case, I do not think that the Circuit Court should have reversed the order of the Commission.

The brief of appellants cites a large number of decisions which support the finding of the commission.

See also Scheider on Workmen's Compensation Law, 2d ed., Vol. 1, pages 1122, *et seq.,* and Vol. 3, same work, supplement, page 108; also Vol. 5, supplement page 772.

My conclusion is that the findings of the Florida Industrial Commission in this case were well considered and should not have been reversed.

THOMAS, J., concurs.