THE DUFF HOTEL COMPANY, Employer, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Insurance Carrier, v. MICHAEL FICARA, Employee, and FLORIDA INDUSTRIAL COMMISSION.

7 So. (2nd) 790                           En Banc
April 28, 1942

McKay, Dixon & DeJarnette, for appellants.

O. B. White and Walter Kehoe for Appellee Michael Ficara, employee, and Walter Rountree, for Appellee Florida Industrial Commission.

TERRELL, J.:

In November, 1940, while in the employment of Duff Hotel Company, Michael Ficara sustained an inguinal hernia. His employer feeling that his injury was not covered by the Workmen's Compensation Act, declined to pay compensation or medical expenses. The Deputy Industrial Commissioner held that he was entitled to four weeks compensation and his hospital and doctors' bills incurred in repairing the hernia. This finding was affirmed by the Florida Industrial Commission and its judgment was in turn affirmed by the circuit court on appeal. This appeal is from the latter judgment.

The question presented is whether or not Ficara's injury was such as entitled him to compensation under the Workmen's Compensation Act of Florida.

It is admitted that Ficara was acting within the scope of his employment, that his injury resulted from lifting a heavy pot of meat, that he had lifted the pot before and that lifting it was in the line of duty. Appellant contends that since Ficara did not slip or fall or experience anything unusual in the way of an untoward accident in lifting the pot of meat, he is not within the protection of the Workmen's Compensation Act.

The applicable provision of the Workmen's Compensation Act is Section 15(f) as follows:

"Hernia: In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of his employment it must be definitely proved to the satisfaction of the Commission.

1. That there was an injury resulting in hernia.

2. That the hernia appeared suddenly.

3. That it was accompanied by pain.

4. That the hernia immediatly followed an accident.

5. That the hernia did not exist prior to the accident for which compensation is claimed."

The question here turns on the interpretation of what is meant by hernia "resulting from injury by an accident" or "immediately followed an accident." Appellant contends that the Florida Workmen's Compensation Act having been adopted from the Georgia Act, the Georgia decisions construing the latter were also adopted and said decisions hold that a hernia to be compensable must result from an injury by accident, that it (hernia) must immediately follow the accident; in other words, to recover in this case

it must be shown that in lifting the pot of meat, Ficara must have slippel or stumbled and have fallen or sustained some other unexpected mishap from which the hernia resulted. Westbrook vs. High View Inc. 42 Ga. App. 843, 157 S. E. 362; and Royal Indemnity Co. v. Beckman 66 Ga. App. 369, 17 S.E. (2nd) 910, are relied on to support this contention.

These cases are susceptible of the interpretation placed on them but there were other considerations not present in the instant case and we think it is too literal to be approved as a guide in all cases. Workmen's Compensation is a product of industrialism and proceeds on the theory that economic loss to the individual by injury in line of duty should be borne in part by the industry in which he is employed in order that his dependants may not want. To establish injury within the terms of the statute the claimant is not bound by the rigid rules of proof and interpretation that govern in criminal and law cases. These are governed rather by the purpose of the act.

The Deputy Commissioner found that Ficara received his hernia from lifting a heavy pot of meat while standing in a strained position and that this unexpected incident constituted an accident as contemplated by the Workmen's Compensation Act. That it came on suddenly, was accompanied by pain, that it followed the accident immediately and had not previously existed is admitted. Literally the word "accident" has reference to that which is unexpected, not designed or anticipated or may be brought on by a combination of fortuitous circumstances. We do not agree that a literal show of "accident" is a prerequisite to recovery.

"Accident" is not a technical legal term with a well bounded meaning. In Workmen's Compensation it has been applied to that which happens by chance or casually that which proceeds from an unknown cause or the unusual which sometimes results from known causes. Stasmas v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762; Young v. Railway Mail Assn. 126 Mo. App. 325, 103 S. W. 557; Giguere v. E. B. and A. C. Whiting Co. 107 Vt. 151, 177 Atl. 343.

In the latter case, the Court found that hernia received in line of duty by ordinary lifting in the usual manner was an injury by accident within the purview of Workmen's Compensation without the showing of anything fortuitous. This was what took place with Ficara and we think he brought his case within the terms of the Act.

Affirmed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., dissents.