S. H. KRESS & COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY, v. ROSA L. BURKES.

16 So. (2nd) 106                                         June Term, 1943
January 4, 1944                                             Division A

*McKay, Macfarlane, Jackson & Ferguson,* for appellants.
*Hampton, Bull & Crom,* for appellee.

ADAMS, J.:

The question presented by this appeal is whether appellee sustained an injury by accident as defined by your Workmen's Compensation Act.

Appellee was working in a bakery mixing dough, baking bread and scrubbing pans. About a year before the hearing she began to suffer pain in her hands and noticed some knots forming on the back of her hands. The knots enlarged gradually; she bandaged her hands but they did not improve.

She sustained no blow to her hands; did not remember the day the knots first appeared; she felt pain and then noticed the knots. The examining physician testified:

"The patient came to me complaining of discomfort in the region of both wrists. She stated that in making bread both of her wrists got sore and some lumps had come on the back of her wrists, or hands as she said, but on the

wrists proper. The affected parts were examined carefully and a diagnosis of tenosynovitis of the extensor tendons of both wrists, with ganglion formation in the region of both wrists, was made."

"This condition undoubtedly was brought on by constant and repeated strain of the parts involved, occasioned by the type of work the woman had done over a period of months."

This case comes here from a judgment of the circuit court reversing a finding of the Industrial Commission and holding that appellee sustained an injury by accident as defined by our statute. Paragraph 19, Section 440.02, Florida Statutes 1941, and construed by our opinion in Duff Hotel Co. v. Ficara, et al., 150 Fla. 442, 7 So. 2nd 790. A presumption of law favors the claimant before the Commission. See Sec. 440.26, Florida Statutes 1941. However, on appeal here the judgment appealed from is presumed to be just and proper until error is made to appear. The lower court relied on our opinion in Duff Hotel Co. v. Ficara, supra. It must be borne in mind that in that case the injury was hernia, which injury is regulated by a special section of the compensation statute. Sec. 440.15, Florida Statutes 1941. We also said that "accident" as used in this act would not be given a strict or literal definition however we cannot overlook the definition given by the Legislature. The definition given by the act is: "accident shall mean only an unexpected or unusual event, happening suddenly." Sec. 440.02, Fla. Stat. 1941.) It was held by us without opinion in Rayonier, Inc. v. Lang, 153 Fla. 396, 14 So. (2nd) 569, that an injury by accident under this act was sustained where deceased was poisoned by the use of a coal-tar paint causing an illness lasting about sixteen days and resulting in death. This Court, as many others, has rejected the contention that in order to show an injury by accident some traumatic injury must be shown or some definite incident at a definite time and place must be shown. No undue emphasis should be placed on any single element of the statutory definition. Many of the reported cases are of little help to us inasmuch as they are decided on different statutory definitions. The question is well treated in Cannella v. Gulf Refining Co. of Louisiana,

La. App. 154 So. 406; Ramsay v. Sullivan Mining Company, 51 Idaho 366, 6 Pac. (2nd) 856; Volume 1 Workmen's Compensation Law, Schneider (1932), Chapter V, Pg. 505.

The injury here cannot be said to be sudden. Claimant herself said it came on gradually and first appeared about a year before. No stated period can be given as sudden as applied to each case, as each must naturally depend on its own circumstances. It follows that the judgment is reversed.

Reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.