GENERAL PROPERTIES CO., INC., Employer, and GREAT AMERI-
CAN INDEMNITY COMPANY, Carrier, v. GUY CHENAULT
GREENING, Claimant, and FLORIDA INDUSTRIAL COMMIS-
SION.

18 So. (2nd) 908            June Term, 1944
August 1, 1944              En Banc

*McKay, Dixon & DeJarnette* and *A. Lee Bradford,* for ap-
pellants.

*Wm. D. Barfield* and *Raymond E. Barnes,* for appellees.

BROWN, J.:

There being a difference of opinion among the Justices
before whom this case was argued, the Chief Justice has

assigned the case to me for consideration and the written expression of my views.

Appellee Greening was employed as a general helper in the kitchen of the Roney Plaza Hotel. About two o'clock in the afternoon of May 31, 1943, he lifted, without any help, two barrels of cracked ice, weighing from about 140 to 150 pounds each, onto a fourwheeled "dolly" or truck, the platform of which was 8 to 12 inches above the floor, and, hauling the truck, he distributed the ice to different places in the hotel. In a written statement signed by him a week later he stated that the barrels of cracked ice weighed from 100 to 150 pounds each. When testifying as a witness (and the only witness in the case) he said that he had read the written statement and that it was correct. In the written statement, he did not mention lifting any garbage cans, but while testifying as a witness, he said that after he got the ice, he went around and picked up some galvanized garbage cans, the weight of which he did not know, but that they were "mighty heavy." He said that he did not feel any pain when he was lifting the barrels of ice or the garbage cans, and that it was not until after he had eaten supper, about 6 o'clock P. M., (some four hours after he had lifted the barrels of ice) as he was walking from the table to the washing room, that he felt a "sharp tingling pain" in his right groin, which only lasted a few minutes, but returned several times between then and 8 P.M. He mentioned this pain to the kitchen steward and he got some one else to mop the kitchen floor, which appellee usually did. He went to bed about 9:45, and sometime during the night he waked up with a severe pain in his right groin and noticed a lump about the size of a pecan. That he only got short naps the balance of the night, and next day he was examined by Dr. White, who said witness had a hernia, and would have to be operated on. In his written statement, witness said that he had been operated on fifteen years before this for hernia on his left side, but that he had never had any pain, swelling, protrusion or disorder of any kind in his right groin until May 31, 1943, as above related.

While testifying, the deputy commissioner asked appellee

this question: "When did you have an accident?" and his answer was: "Well, I didn't have an accident. The only thing was lifting those cans around two o'clock in the after-noon."

The Workmen's Compensation Act, Chapter 440, Fla. Stats. 1941, in Sec. 440.09, contains the following general and basic provision:

"Compensation shall be payable under this Act in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment."

But the Act has a specific provision relating to hernia in Section 440.15, F.S. 1941, which reads as follows:

"(6) Hernia: In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of his employment it must be definitely proved to the satisfaction of the commission:

"(a) That there was an injury resulting in hernia.

"(b) That the hernia appeared suddenly.

"(c) That it was accompanied by pain.

"(d) That the hernia immediately followed an accident.

"(e) That the hernia did not exist prior to the accident for which compensation is claimed."

Deputy Commissioner Allen Clements found that, "giving full faith and credit to the claimant's testimony, it cannot be said that said evidence proves: (1) That there was an injury resulting in hernia. (2) That the hernia appeared suddenly. (3) That it was accompanied by pain, and (4) That the hernia immediately followed an accident." He therefore found that "claimant's said hernia was not caused by an accident arising out of and in the course of his employment," and denied the claim.

The full commission reversed this order, specifically upon the authority of Atlantic Marine Boat Yard, Inc., v. Daniel, 138 Fla. 864, 190 So. 612, and Duff Hotel Co. v. Ficara, 150 Fla. 442, 7 So. (2nd) 790. The Circuit Court affirmed the Commission's order and the employer and carrier took this appeal.

Neither of the cases cited by the Commission is in point here. In the Boat-yard v. Daniel case, which was a hernia case, this Court in its opinion said: "The petition showed that while pushing a boat into the water on the railway, the roller on the truck struck a joint on the rails and the employee tried to push it over the joint and felt a stinging sensation in his right side." Further on in the opinion this Court adopted this language of the lower court.

"It is apparent from the language of the award that the sole ground upon which the commission denied compensation results from their conception that the statute requires the claimant, in establishing a compensable claim, to show that the hernia became immediately visible following the accident and that an outward protrusion of the same was forthwith noticed by the claimant."

And in Duff Hotel Co. v. Ficara, this Court, speaking through Mr. Justice TERRELL, said:

"The Deputy Commissioner found that Ficara received his hernia from lifting a heavy pot of meat while standing in a strained position and that this unexpected incident constituted an accident as contemplated by the Workmen's Compensation Act. That it came on suddenly, was accompanied by pain, that it followed the accident immediately and had not previously existed is admitted. Literally the word 'accident' has reference to that which is unexpected, not designed or anticipated or may be brought on by a combination of fortuitous circumstances. We do not agree that a literal show of 'accident' is a prerequisite to recovery."

Parenthetically we might observe here that the foregoing definition of the word "accident" is quite similar to the general definition given in the Workmen's Compensation Act, 440.02, paragraph 19, which is: " 'Accident' shall mean only an unexpected or unusual event, happening suddenly."

It thus appears that in both of the above cases the claimant suffered sudden pain, of a kind indicating that hernia had taken place, or had begun, while lifting or pushing heavy objects in the course of his work and while actually engaged in such work. So neither of those cases sustains the holding of the Commission in this case, or of the circuit court which

affirmed it; nor can such action be upheld by this Court unless we disregard the safeguards which the Legislature saw fit to throw around hernia claims in paragraph 6 of Section 440.15, Fla. Stats. 1941, hereinabove quoted.

Why did the Legislature make these special statutory requirements as to what must be proven for the establishment of a claim to Workmen's Compensation based on hernia? Can the courts, in their sympathy for the unfortunate, question the wisdom and policy of the Legislature in this regard? The last question must of course be answered in the negative. The wisdom and policy of legislative acts is a matter for the Legislature to determine. We might find justification for the adoption of these legislative safeguards from what we know of the general nature of hernia from common knowledge and experience, but counsel for the appellants throw considerable light on this question by quoting at some length from Watson on Hernia, 2nd ed., p. 550, et seq., a part of which quotation reads as follows:

"The Swiss courts define the following rules for compensable hernia:

"1. The hernia must appear suddenly.

"2. It must be of recent origin.

"3. It must be accompanied by pain.

"4. It must immediately follow an accident.

"5. It must be proved that the hernia did not exist prior to the accident.

"The Swiss law awards damages in proportion to the predisposition proved.

"The French courts have ruled that there exists 'evidence of the relationship between the work performed by the laborer and the manifestation of the hernia.'

"The French courts have ruled that traumatic and accidental hernias are compensable, but the hernias of weakness are not.

"The California Industrial Commission rules: 'The consensus of medical and surgical opinion runs to the effect that hernia is very rarely, in any proper sense, the result of an accidental injury; that the accident at best is no more than the occasion, instead of the cause of the malady; that the

origin of the difficulty is congenital and more in the nature of a disease than an injury; that every claim for compensation based upon an alleged rupture is to be viewed with suspicion.'

"The Nevada Industrial Commission rules: 'Medical science teaches now what it has taught for the past twenty years and is now accepted as a medical and scientific truth, corroborated as such by the foremost surgeons and anatomists in the world; that is, that henia, or so-called rupture, is a disease, ordinarily developing gradually, and is very rarely the result of accident.' "

See also Schneider on Workmen's Compensation, 2d ed., Section 335.

The general purpose of our Workmen's Compensation Act was to afford compensation for death or disability of employees from injuries arising out of and in the course of their employment, but providing that in hernia cases certain additional facts "must be definitely proved to the satisfaction of the commission," as hereinabove set forth. It is true that Section 440.26 F.S. 1941, provides that "it shall be presumed, in the absence of substantial evidence to the contrary," that the claim "comes within the provisions of the Act," etc. But here we have "substantial evidence to the contrary." In the case of Fidelity & Casualty Co., of N. Y. v. Moore, 143 Fla. 103, 196 So. 495, this Court, speaking through Mr. Chief Justice TERRELL, aptly said:

"Much is said in the briefs of counsel about the presumption indulged in by the Workmen's Compensation Act to the effect that in the absence of substantial evidence to the contrary, it will be presumed that the claim comes within the provisions of the Act, relieving the claimant of the burden of proving that the injury arose out of and in the course of the employment.

"That presumption has no application in this case. In the first place, it does not relieve against proving that the accident occurred and that it arose out of and in the course of the employment. In the second place, we understand that this presumption is like all others, applicable only in the

absence of evidence, and that when substantial evidence of a fact is submitted, the presumption vanishes."

This very valuable statute, while fulfilling a long standing public need, was not designed to take the place of general health and accident insurance. As was said by this Court, speaking through Mr. Justice ADAMS, in the recent case of Protectu Awning Shutter Co., et al., v. Cline, 16 So. 342, not yet reported in the Florida Reports:

"The purpose of the act is to shoulder on industry the expense incident to the hazards of industry; to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products of industry such expense. Our act affords no relief for disease or physical ailment not produced by industry."

It is not sufficient here, in support of appellee's claim, to merely say that he was still in the course of his employment when, after eating his dinner, inferentially at a place furnished by his employer, and while walking to the wash room, he experienced the stinging pain in his right groin. This, he admits, was the first pain he had and that it came about four hours after lifting the cans. The evidence indicates that his employment for the day did not end until he had mopped up the kitchen after dinner, which duty the steward had some other person to perform on account of appellee's pain. So it might be admitted, for the sake of argument at least, that appellee was still in the course of his employment when he felt this first pain about 6.P.M. But, according to appellee's own testimony, there was no *accident,* then, and none before that time. Obviously, then, his hernia could not have resulted from "an injury caused by accident," nor could it have "immediately followed an accident," nor could it have been established that "the hernia did not exist prior to" an accident which had never occurred. Even under the basic provisions of the statute, as pointed out by Mr. Justice THOMAS in the majority opinion in Travelers Ins. Co. v. Taylor, 147 Fla. 210, 3 So. (2nd) 381, it is incumbent upon the claimant to show that the accident or injury happened not only *in the course of* claimant's employment but arose *out of* it. There must have been a causal connection between the employment

and the injury, else the injury could not have arisen *"out of"* the employment. In this connection see Fidelity & Casualty Co. of N. Y. v. Moore, supra.

The opinion of the Supreme Court of Colorado in the case of McPhee & McGinnity Co. v. Industrial Commission of Colorado, 185 Pac. 268, shows that the Colorado statute had certain special provisions regarding hernia claims quite similar to those contained in our own statute. In that opinion, the Colorado Court had this to say:

"The Legislature has seen fit, in our workmen's compensation act, to make hernia the subject of the special provisions and exceptions hereinbefore set out. This Court must give some effect to those exceptions. To sustain the findings and award of the commission and the district court in the instant case would be to nullify them entirely and leave claims for injury due to hernia on an identical footing with all others, if not to prefer them. In fact, if the contentions of the defendant in error be upheld, it is only necessary, in case of such a claim, to produce evidence from which a reasonable inference may be drawn that the hernia appeared 'in the course of employment.' It is impossible for this Court to so nullify these exceptions, or read them out of the statute."

Judgment reversed and cause remanded for entry of an appropriate judgment consistent with the foregoing opinion.

Reversed.

BUFORD, C. J., ADAMS and SEBRING, JJ., concur.

THOMAS, J., concurs specially.

TERRELL and CHAPMAN, JJ., dissent.

THOMAS, J., concurring specially:

I concur in all the opinion prepared by Mr. Justice BROWN except that part pointing out an essential difference between the facts in the case of Duff Hotel Co. v. Ficara, 150 Fla. 442, 7 So. (2nd) 790, where I dissented, and this one which he concludes would justify contrary rulings.

The applicable law is Section 440.15, Subsection (6), Florida Statutes, 1941, and F.S.A. It provides that "in all

claims for compensation for hernia resulting from *injury by an accident*" five facts must be "definitely proved. . . ." (Italics furnished.) Two of these are that the hernia immediately followed an accident and that it did not exist prior to the accident. It is difficult for me to comprehend how these requirements of the statute could have been met in the instant case. When the claimant was asked the question: "When did you have an accident?" his reply was, "Well, I didn't have an accident." Obviously, then, his hernia could not have resulted from an injury caused by an accident, did not immediately follow an accident, and it could not have been shown that it was absent prior to an accident which had never occurred.

Inasmuch as the proof utterly fails to establish these circumstances, which the Legislature has said are prerequisite to compensation for this particular misfortune, it seems to me that the award should not have been granted.