O’CONNELL, Justice.
The claimant, Lee R. Waite, has filed a petition for writ of certiorari to review the order of the Florida Industrial Commission affirming the order of the deputy commissioner in the proceedings wherein claimant sought certain workmen’s compensation benefits. Claimant’s employer, the City of Miami Beach, a self-insurer, is respondent.
Claimant received a compensable injury to his back in an automobile accident on April 22, 1960. Respondent paid him temporary total disability compensation up to May 9, 1960 and on May 27, 1960 claimant filed a claim for compensation for temporary total disability, authorization for medical treatment and payment of outstanding medical bills, reimbursement for prescription and transportation expenses, a permanent partial disability rating at the time he reached maximum medical recovery, and temporary attorney’s fees. He asked therein that jurisdiction be retained as to all future issues and as to permanent attorneys’ fees.
A hearing was held and therein claimant waived his claim for further medical treatment. There are some indications in the transcript of the testimony that respondent had agreed to pay the transportation expenses.
An order was entered by the deputy wherein respondent was ordered to pay claimant compensation for temporary total disability for one additional day. The deputy commented that respondent had agreed to pay this. The deputy found' claimant had experienced no permanent partial disability, that is, loss of wage earning capacity, as a result of the com-pensable accident.
In this order the deputy made no finding or order concerning claimant’s transportation costs or a fee for his attorney, although he did recite that the claim was for-medical transportation and attorney’s fees, among other things.
Claimant filed his application for review with the commission wherein he alleged the deputy had erred by failing to make sufficient findings of fact and erred in holding his attorney was entitled to no fee.
The commission entered its “short form” order of affirmance.
Claimant’s petition for writ of certiorari-asserts that the commission erred in affirming the deputy “in that there are insufficient findings of fact and all questions at issue are not ruled upon.” Claimant’s- *500 brief specifically refers to the failure of the deputy to make findings and rulings upon the issues of transportation expenses and attorneys’ fees.
Our review convinces us that there was competent substantial evidence according with reason and logic to sustain the deputy’s finding claimant had suffered no loss of wage earning capacity as a basis for permanent partial disability resulting from the compensable accident. This finding is not to be disturbed.
It is our opinion that claimant properly presented the questions of attorneys’ fees and transportation expenses both to the commission and to this Court. Due to the liberality with which we treat proceedings for workmen’s compensation benefits we cannot say his “assignments of error” were inadequate to present these questions.
It may well be that the deputy was of the opinion respondent had consented to pay the transportation expenses and that thus that issue need not be .resolved by him. Further, he may have been of the opinion the claimant was entitled to no attorneys’ fees, since the only award he gave to the claimant was compensation for one additional day’s temporary total disability, and respondent at the hearing agreed that such was due and would be paid.
Nevertheless, the deputy failed to make such a finding in his order. This makes it impossible for us or for the commission to review what he did, or rather what he did not do, in disposing of these issues.
As we have said before, the deputy should enter an order wherein he makes adequate findings of fact to support his award of or denial of compensation benefits. Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503. Fie must make findings on all issues presented to him, unless his finding on one issue disposes of the others, and where he has failed to do so it becomes impossible to review his order, in which case the cause must be remanded to him so that he can make a new, proper order.
Accordingly, the petition for writ of cer-tiorari should be granted, the order of the commission quashed in part and affirmed in part, and the cause remanded with directions to remand to the deputy for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C. J., DREW and THOR-NAL, JJ., and McCORD, Circuit Judge, concur.