149 So.2d 557 (1963)
FROHMAN GEAR COMPANY and/or Harry Frohman, Inc., & Consolidated Mutual Insurance Company, Petitioner,
v.
Herbert W. FELLOWS and the Florida Industrial Commission, Respondents.
No. 31813.
Supreme Court of Florida.
February 8, 1963.
*558 Howard N. Pelzner, Miami, for petitioner.
Steve M. Watkins, of Truett & Watkins, Tallahassee, and Kelner & Lewis, Miami, for respondent Herbert W. Fellows.
Burnis T. Coleman and Patrick H. Mears, Tallahassee, for respondent Florida Industrial Commission.
CALDWELL, Justice.
The petitioner by writ of certiorari seeks review of an order of the Florida Industrial Commission affirming the Deputy's award of benefits for hernia under Fla. Stat. § 440.15(6) (f), F.S.A.
Respondent avers that he suffered a hernia in March of 1959 when, while in the course of his employment, he felt a ripping or tear in his groin area accompanied by a "burning-cool sensation" which he later described as "pain."
Claimant testified that it was not until six months after the accident that there was a bulge or protrusion. In the meanwhile claimant followed his usual activities, including bowling in five city leagues. It was a year after claimant first noticed the swelling that he consulted his family doctor, a Dr. Link, an osteopathic physician and surgeon, about the hernia. That witness testified it was his opinion the hernia was caused by the alleged accident of March 1959, some eighteen months before he was consulted. The other medical witness, one Dr. Kaiser, a surgeon, testified it was highly unlikely that the alleged accident caused the hernia. The Deputy preferred the opinion of Dr. Link because he had "no affiliations with * * * the claimant" whereas the other medical witness was "a consistent examiner for the carrier" and "rendered only a negative opinion." The record shows, however, that Dr. Link was the family physician for the claimant and had, in fact, served the claimant on three instances between the time of the alleged accident and that upon which claimant consulted him about the hernia and, on one such interim occasion, after treatment for an injured elbow, the *559 doctor certified there were no other physical impairments.
The Industrial Commission, with one member dissenting, affirmed the order of the Deputy awarding benefits to claimant for hernia, citing United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741, (Fla. 1951), and Atlantic Marine Boat Yard, Inc. v. Daniel, 138 Fla. 864, 190 So. 612 (1939). The dissenting member was of the opinion that there was no competent substantial evidence to sustain the finding of the Deputy that the hernia appeared "suddenly."
Petitioner contends that under the facts respondent has not proved he sustained a hernia which is compensable under F.S. § 440.15, F.S.A. We must agree with petitioner.
Florida Statute, § 440.15(6), F.S.A. is as follows:
"Hernia.  In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of his employment it must be definitely proved to the satisfaction of the commission:
"(a) That there was an injury resulting in hernia.
"(b) That the hernia appeared suddenly.
"(c) That it was accompanied by pain.
"(d) That the hernia immediately followed an accident.
"(e) That the hernia did not exist prior to the accident for which compensation is claimed."
Under the statute five facts must be definitely proved to establish the requisite relationship between accident and hernia, including the facts that the hernia appeared suddenly and immediately followed the accident. The difficulty arises in the definition of the terms "suddenly" and "immediately".
The claimant relies upon Atlantic Marine Boat Yard et al. v. Daniel,[1] decided largely upon the presumption of the correctness of the ruling of the trial court, which allowed recovery for a hernia which appeared some 27 days following the accident. The circuit judge had reversed the Industrial Commission because of its misconception that the statute required the claimant to show "that the hernia became visible immediately following the accident and that an outward protrusion of the same was forthwith noticed by the claimant".[2]
The circuit court held "no such interpretation * * * is either justifiable or permissible in the light of the unrebutted evidence in this case".[3] This Court affirmed the circuit court decision, Justices Brown and Thomas dissenting. No effort was made to define the words "suddenly" and "immediately" as used in the statute, and in that respect, the decision is not helpful.
Neither did this Court, in the case of General Properties v. Greening,[4] in which it appears the dissenting view of the Atlantic Boat Yard case, supra, became the majority opinion, attempt to define the key words "suddenly" and "immediately". In the General Properties case, compensation was denied for a hernia which appeared sometime during the night following the afternoon of the alleged accident. The Court refused to ignore "the safe-guards which the legislature saw fit to throw around hernia claims" and queried:[5]
"Why did the legislature make these special statutory requirements as to what must be proven for the establishment *560 of a claim to workmen's compensation based on hernia? Can the courts, in their sympathy for the unfortunate, question the wisdom and policy of the legislature in this regard? The last question must of course be answered in the negative. The wisdom and policy of legislative acts is a matter for the legislature to determine. We might find justification for the adoption of these legislative safe-guards from what we know of the general nature of hernia from common knowledge and experience * *."
The Supreme Court of Georgia considered the meaning of "immediately", as used in the statute governing compensation for hernia, in the case of Liberty Mut. Ins. Co. v. Blackshear[6] wherein the court thought it would be going too far to say that "immediately" means precisely the same as "instantly" or "momentarily" but that the word, when used with reference to time, means "there must not have been any substantial interval between the accident and the manifestation of the rupture and the appearance of the hernia following in due, natural and uninterrupted course therefrom".[7]
The Supreme Court of Tennessee, in the case of Etter v. Blue Diamond Coal Co.,[8] in defining "immediate", as it relates to hernia claims, held that the injury is "compensable if it appears so soon after the injury that it would not be possible to attribute it to any other cause".[9] In view of the similarity between the Georgia,[10] Tennessee[11] and Florida hernia statutes the language quoted seems pertinent.
This Court in the General Properties v. Greening case, supra, held that we cannot question the wisdom and policy of the Legislature in establishing special statutory requirements touching compensation claims for hernia, however much we may sympathize with the claimant. Notwithstanding the established liberal philosophy observed by the Court in its adjudication of such claims, native reason imposes a limit beyond which we may not go. There must be some rational relationship between our construction of the terms "suddenly" and "immediately" and the definitions of such terms as they appear in works of authority. That there is necessarily some latitude, whether it be a few hours or even a few days under given circumstances, cannot be questioned but by no intelligent stretch of simple language can such latitude encompass a period of months. To so blandly disregard the clear intent of the Legislative Act would indeed convert workmen's compensation to a general health and accident insurance enterprise.
In the instant case, the hernia, according to the claimant, did not appear until six months after the alleged accident and was so diagnosed by a physician twelve months later. It cannot be said to have "appeared suddenly" or "immediately followed the accident", and, certainly, it cannot be said to have appeared "so soon after the injury that it would not be possible to attribute it to any other cause."
It is our opinion that the Industrial Commission misconstrued Fla. Stat. § 440.15(6), F.S.A. Therefore, petition for writ of certiorari is granted. The order of the Industrial Commission is quashed and the cause remanded with directions to vacate and set aside the order of the Deputy and to enter an order denying compensation.
ROBERTS, C.J., and TERRELL, THOMAS and O'CONNELL, JJ., concur.
NOTES
[1] 138 Fla. 864, 190 So. 612 (1939).
[2] Id. at 867, 190 So. at 613.
[3] Ibid.
[4] 154 Fla. 814, 18 So.2d 908 (1944).
[5] Id. at 818, 18 So.2d at 910.
[6] 197 Ga. 334, 28 S.E.2d 860, 862 (1944).
[7] Id. at 338-339, 28 S.E.2d at 863.
[8] 187 Tenn. 407, 215 S.W.2d 803 (1948).
[9] Id. at 413, 215 S.W.2d 806.
[10] Ga. Code Ann. § 114-412 (1956).
[11] Tenn. Code Ann. § 50-1009 (1956) (formerly § 6892a).