THORNAL, Justice.
By petition for a writ of certiorari we have for review an order of the Florida Industrial Commission reversing an order of a deputy commissioner who had awarded benefits to an employee under the hernia provisions of the Workmen’s Compensation Act.
Our primary attention is devoted to the sufficiency of the findings contained in the order of the deputy.
Claimant Garcia allegedly suffered a hernia while moving an ice machine weighing in excess of 100 pounds. The deputy commissioner awarded benefits under the hernia statute. The Full Commission con- *330 eluded that the' claimant had failed to prove by competent substantial evidence the occurrence of an accident within the requirements of Section 440.02(6), Florida Statutes, F.S.A.' It reversed the deputy and directed that the claim be dismissed. This order is now here for review.
The claimant contends that the record presents competent 'substantial evidence to support the deputy’s finding of a compensa-ble hernia within the meaning of Section 440.15(6), Florida Statutes, F.S.A., which is the hernia section.
The respondent employer contends that several of the specific requirements of the hernia section were not established by competent substantial evidence. It raises the further point that the order of the deputy was deficient in its failure to contain adequate 'findings to support review.
• It is unnecéssáry to delineate all of the factual details. The principal contest before the deputy centered around the employer’s contention that there was a failure to prove an accident. It was further con-_ tended that the claimant failed to establish that the hernia, occurred suddenly and immediately following an accident. By- his order the deputy recited certain testimony to the effect that there was an injury by accident which produced a sudden pain. However, the only actual finding of fact contained in the deputy’s order was: “I find that the manner in-which the claimant became injured, was -a compensable injury tinder the hernia section of the Act.”
; When the employer, Continental, petitioned for review by the Full Commission, among the grounds for review it claimed that the order of the deputy “does’not make adequate findings of fact as required.” By the briefs here the .argument revolves around .the claimant’s contention that the record contains competent substantial evidence 'to ’support the award. However, the respondent' employer does assert further that the findings of the deputy were insufficient to enable us to review the order.
We have many times stressed the importance of adequate factual findings as an essential element óf the deputy’s order. Section 440.25(3) (c), Florida Statutes, F.S.A., makes it clear that the order shall contain “a statement of the findings of fact and other matters pertinent to the questions at issue * * In Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503, and numerous .other decisions we have discussed at length the importance of this statutory requirement. In view of the significant weight accorded the 'conclusions of the deputy, it is essential to a review of his order that the Full Commission and this Court be informed of his ultimate factual findings. We do not review the evidence to formulate a set of factual findings. Rather, we look to the findings of the deputy and then review the record to ascertain whether such findings are supported by competent substantial evidence. Waite v. City of Miami Beach, Fla., 138 So.2d 498; Hardy v. City of Tarpon Springs, supra.
The requirement for adequate findings is particularly important in the application of the hernia section of the Workmen’s. Compensation Act. In order to .support an award for an industrially related hernia, Section 440.15(6), Florida Statutes, F.S.A., provides:
“(6) Hernia. — In all claims 'for compensation for hernia resulting from injury by an. accident arising out of and in the course of his employment it must be definitely proved to the satisfaction of the commission:
“(a) That there was an injury resulting in hernia.
:“(b) That the hernia appeared sudden- ■ ly.- .
“(c) That it was accompanied by pain.
“(d) That the hernia immediately followed the accident.
“(e) That the hernia did not exist pri- or to the accident for which compensation is claimed.”
*331 ' By the quoted' section of thé statute the 'Legislature has specifically required definite proof of the various conditions to an award for a hernia claim. The reason for such specificity was discussed in General Properties Co. Inc. et al. v. Greening et al., 154 Fla. 814, 18 So.2d 908. We there noted that these so-called statutory “safeguards” were included in the act in order to avoid potentially false claims for a hernia which has developed gradually as contrasted to one which is the immediate product of an industrial accident. The last cited case emphasizes that a hernia is most often the result of congenital weaknesses or gradually developed conditions. Accidental injury is must less frequent as a cause. Hence, it is that the Legislature has emphatically required detailed proof of the statutory elements as a condition to a hernia compensation award.
In Frohman Gear Company v. Fellows, Fla., 149 So.2d 557, we again emphasized the essentialities of definite proof of the five statutory factual requirements. .
, In the absence of proof of any one of these five essential prerequisites, recovery under the hernia section cannot be allowed. In hernia cases, therefore, it is the responsibility of the deputy, in the first instance, to require proof of these five essential facts as a condition to an.award. Similarly, in view of the significance of the deputy’s conclusions, his compensation order should clearly set forth his findings regarding each of the five statutory prerequisites. Without such findings neither the Full Commission nor this Court is in a position to review the compensation order. We repeat, it is not our function to explore the record and construct factual findings at the appellate level. This is the initial responsibility of the deputy who sees and hears the witnesses and who is charged by the statute to include his findings in his order.
The instant order is clearly deficient in this essential respect. While the deputy concludes, generally, that the manner in which the claimant was injured was com-pensable under the hernia section, he failed to particularize his findings regarding each of the five statutory essentials. As a result, the merits of his compensation award could not be properly reviewed by the Full Commission nor can it be reviewed by us.
To the extent that the order of the Full Commission reversed the order of the deputy it should be approved, but not for the reasons it gave. To the extent that the Full Commission’/ order directed dismissal of the claim for hernia benefits, it must be quashed. The matter should be remanded to the deputy commissioner for the purpose of making adequate findings, with the privilege of allowing further testimony as may seem appropriate. The writ is, therefore, granted and the order of the Full Commission is quashed in part as hereinabove stated. , The cause is remanded to the Commission for disposition consistent herewith.
It is so ordered.
DREW, C. J., and ROBERTS, THOMAS and O’CONNELL, JJ., concur.