CALDWELL, Justice
(dissenting).
I would sustain the order of the Full' Commission dismissing the claim. The record fails to show there was an accident of any kind. The petitioner’s doctor testified “it is impossible for me to correlate a certain injury to this bulge because there was no definite herniation * *
The claim fails to meet the requirements of Florida Statutes § 440.15(6), F.S.A.,[1] relating to hernias. The majority opinion is in conflict with Frohman Gear Co. v. Fellows, 149 So.2d 557 (Fla.1963).
In Garcia v. Continental Vending Machine Corporation, 176 So.2d 329, opinion filed June 2, 1965, this Court held:
“In Frohman Gear Company v. Fellows, 149 So.2d 557, we again emphasized the essentialities of definite proof of the five statutory factual requirements.
“In the absence of proof of any one of these five essential prerequisites, recov *333 ery under the hernia section cannot be allowed. In hernia cases, therefore, it is the responsibility of the deputy, in the first instance, to require proof of these five essential facts as a condition to an award. Similarly, in view of the significance of the deputy’s conclusions, his compensation order should clearly set forth his findings regarding each of the five statutory prerequisites. Without such findings neither the Full Commission nor this Court is in a position to review the compensation order. We repeat, it is not our function to explore the record and construct factual findings at the appellate level. This is the initial responsibility of the deputy who sees and hears the witnesses and who is charged by the statute to include his findings in his order.
“The instant order is clearly deficient in this essential respect. While the deputy concludes, generally, that the manner in which the claimant was injured was compensable under the hernia section, he failed to particularize his findings regarding each of the five statutory essentials. As a result, the merits of his compensation award could not be properly reviewed by the Full Commission nor can it be reviewed by us.”
If the deputy had attempted in his order to satisfy the five statutory prerequisites of the hernia award, the noncompensable nature of this claim would have become as apparent to him as it was to the Full Commission. I think this case illustrates the error the hernia statute was designed to prevent. The record establishes that claimant, who had a congenital weakness and prior hernias, suffered a doubtful herniation but fails to establish a causal relationship between the -alleged injury and an accident. There is no evidence as to when the alleged hernia appeared. The statute requires that it must have appeared suddenly and immediately after the accident. The fifth requirement of the statute, “that the hernia did not exist prior to the accident,” is not proved. In fact, all the evidence on this point is to the contrary.
The order of the Full Commission should be affirmed.

. “HERNIA. — In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of his employment it must bo definitely proved to the satisfaction of the commission:
(a) That there was an injury resulting in hernia.
(b) That tlie hernia appeared suddenly.
(e) That it was accompanied by pain.
(d) That the hernia immediately followed an accident.
(e) That the hernia did not exist prior to the accident for which compensation is claimed.”