ROBERTS, Justice.
By petition for writ of certiorari, we have for review an order of the Industrial Relations Commission dated April 17, 1974, reversing the order of the Judge of Industrial Claims on the basis that the record did not contain competent substantial evidence to support the order.
On April 30, 1972, petitioner was employed by respondent. On that date, while acting within the scope of his employment, he was struck on the head by the handle of an electric floor buffer and was knocked to the floor. The following day, petitioner was examined by Dr. MacGregor with complaints of head and lower back pain. It is asserted by petitioner that he was also suffering from pain in his groin at this time, but this pain was not mentioned to the doctor. Petitioner returned to work and later transferred to another job. He was advised that a new physical examination was required before he could be transferred to the new job. Dr. James Oglesby performed the examination on July 13, 1972, and found from said examination that petitioner had a right inguinal hernia. Thereafter, petitioner was rejected employment as a manual laborer because of the hernia. He secured new employment with Walt Disney World on October 14, 1972.
Following the termination of his services by respondent, petitioner’s attorney filed a claim for compensation reflecting that petitioner had sustained injuries to his head and back. The claim made no reference to an abdominal or groin injury and sought no benefits for such an injury.
On November 1, 1972, petitioner was examined by a Dr. Stanford at which time petitioner advised Dr. Stanford that he had sustained an abdominal injury on April 30, 1972. A copy of Dr. Stanford’s report was given to respondent, and it constitutes the first notice of such an injury provided by petitioner.
At the July 12, 1973, hearing, claimant contended that he was entitled to temporary total, permanent partial and hernia benefits. The respondent, E/C, contended it had paid all the benefits due as a result of the alleged head and low back injury and objected to the claim for hernia benefits on the grounds that:
“1. No notice, either written or oral, pursuant to the requirements of Section 440.18(1) (b), Florida Statutes, was given the employer advising it that the Petitioner had sustained a stomach injury precipitating a hernia;
2. The requirements of Section 440.-15(6), Florida Statutes, were not met, particularly the requirements contained therein that the hernia must appear suddenly and be accompanied by pain in order to be compensable; and
3. The Judge of Industrial Claims lacked jurisdiction to award hernia benefits inasmuch as the claim for compensation failed to set forth a demand for those benefits.”
The Judge of Industrial Claims entered an order finding the claim compensable *171 and awarding appropriate benefits for the hernia.
On Appeal, the Industrial Relations Commission reversed the order of the Judge of Industrial Claims and dismissed the claim. The Industrial Relations Commission in this order gave the following rationale for its reversal:
“A careful search of the record reveals a lack of competent substantial evidence to support the finding of the Judge of Industrial Claims that the Appellee’s hernia arose out of and within the course and scope of his employment with the Appellant/Employer. The only one of the medical doctors who made any effort to relate the Appellee’s hernia to the twisting and falling incident testified to by the Appellee, was Dr. G. S. Callahan and his testimony is much too vague. In addition, his opinion is necessarily based upon the history as given to him by the Appellee. For example, on page 7 of his deposition, he was asked the following question, and replied as follows:
Q. Doctor, do you have an opinion based on reasonable medical probability as to whether the right in-quinal hernia was caused by the industrial accident related to you by the patient which occurred on April 30, 1972?
A. I cannot actually give a statement one way or the other as to that. Basically, to determine when a hernia is there or not there, you have to depend on the history given by the patient, primarily; or unless they have been examined prior to some incident, where they did not have one and later, they did.
And again on page 9 of his deposition, the following questions and answers:
Q. But a hernia such as this can be caused by trauma and by a twisting-type of trauma, can it not, Doctor?
A. Well, I really can’t answer that.
MR. BROOKS: Objection. Just a minute. Are you speaking of reasonable medical probability or possibility ?
MR. PARRISH: I’ll qualify that when he asnwers the question.
MR. BROOKS : My objection is stated—
THE WITNESS: (Interposing) Again, without really knowing the specifics of the incident and that sort of thing, and possibly, seeing it, I think it would be extremely difficult for me to give an opinion as to whether I think his particular accident would have caused his hernia. I don’t think I can say one way or the other for sure, to be honest. I think twisting and turning injuries, that sort of thing, I think is unusual — I can’t say it’s impossible, but I think it is unusual, you know, for that sort of thing to precipitate it. That’s the best I can say.
In addition to the doctor’s testimony, the claimant’s testimony is to the effect that it was at least two days after the ‘incident’ before he felt pain related to the hernia. This is a clear failure to comply with one of the five statutorily stated requirements as a basis for finding a com-pensable hernia as set out in § 440.15(6), F.S., as follows:
(6) HERNIA. — In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of his employment it must be definitely proved to the satisfaction of the division:
(a) That there was an injury resulting in hernia.
(b) That the hernia appeared suddenly.
(c) That it was accompanied by pain.
(d) That the hernia immediately followed an accident.
(e) That the hernia did not exist prior to the accident for which compensation is claimed.
*172 The facts, as depicted in the cause sub judice, are substantially comparable to those in the case of Frohman Gear Company v. Fellows, 149 So.2d 557 (Fla.1963). In the Fellows case, supra, the Order of the Industrial Commission was quashed and compensation was denied. In the earlier case of Atlantic Boat Yard, Inc., et al. v. Daniel [138 Fla. 864] 190 So. 612 (Fla.1939), it was established that the actual protrusion related to a hernia might not necessarily occur at the moment such hernia is sustained. However, in such case there was evidence that there was a ‘stinging sensation in his right side’ at the time of sustaining the hernia. In the cause sub judice, there is no evidence of any stinging sensation or of any other pain relating to the sustaining of a hernia at the time of the ‘incident’ or accident.”
It is this decision from which petitioner seeks review.
Petitioner notes that he was given a pre-employment physical by respondent’s physician, and that he did not have a hernia at that time. Its existence after the accident is unquestioned. Petitioner asserts that by taking into the considerations the presumptions set forth in Atlantic Marine Boat Yard v. Daniel, 138 Fla. 864, 190 So. 612 (1939), it should be obvious that the hernia resulted from his industrial accident.
Respondent maintains that petitioner’s contention is no more than sheer conjecture. The only medical evidence tending to establish the alleged causal relationship was that of Dr. Callahan, who first examined petitioner some six or seven months after the accident. Respondent points out that the mere fact that petitioner did not have the hernia when examined for his pre-employment physical, this in no way constitutes competent substantial evidence that the hernia did not pre-exist the subject accident. Respondent further asserts that petitioner has failed to file timely notice of his injury as required by state, and that the claim for compensation contained no demand for hernia benefits. Respondent asserts that in the case sub judice, petitioner has failed to establish by definite proof even one, much less all of the elements required to be proven.
In the exercise of our sound judicial discretion, we find, upon our review of the record, that there has been no departure by the Industrial Relations Commission from the essential requirements of the law in the cause sub judice.
Accordingly, the petition for writ of cer-tiorari must be and is hereby denied. See Scholastic Systems, Inc. et al. v. LeLoup et al., 307 So.2d 166 (Fla. 1974).
It is so ordered.
ADKINS, C. J., McCAIN and OVER-TON, JJ., and FERRIS, Circuit Judge, concur.