SHIVERS, Judge.
Appellant, Sears, Roebuck and Company, brings this appeal from a final workmen’s compensation order entered September 29, 1978, awarding appellee Alfred Moreno temporary total and permanent partial dis•ability benefits. Appellant presents the following points on appeal:
1. Whether the Judge of Industrial Claims erred, as both a matter of fact and matter of law, in finding appellee had sustained a compensable hernia on or about April 23, 1975.[1]
2. Whether the Judge erred in suggesting appellee had satisfied the notice requirements of § 440.185, Fla.Stat. (1975).
3. Whether the Judge erred in failing to make any findings regarding the effects of appellee’s noncompensable hernia upon his present disability.
4. Whether the Judge erred in failing to rule upon the pending claim for loss of wage-earning capacity.
Appellee raises on cross-appeal the single issue of whether the Judge erred both as a matter of fact and matter of law in finding appellee had not sustained a compensable hernia on or about December 8, 1975.
We affirm as to the point on cross-appeal, but reverse and remand as to Points 1, 2, 3 and 4. There is no competent, substantial evidence to support the award of benefits for the right-side hernia.
Appellee allegedly sustained two different inguinal hernias while working for Sears. He filed a claim for compensation for both hernias. The Judge of Industrial Claims awarded benefits for the right-side hernia allegedly sustained in April of 1975 but denied benefits for the left-side hernia allegedly sustained in December of 1975. Neither hernia was compensable.
Appellee testified he first hurt his right side picking up a barbell set about June 1974. He never noticed a lump, but felt sudden excruciating right-side pain. He *1320 also testified he told his manager about his pain, but the manager merely told him to go back to work. Appellee continued to work for Sears, but testified that the increased job activity attending the Christmas rush of 1974 aggravated his pain. Ap-pellee first consulted a doctor in January 1975. The treating physician diagnosed a direct right-side hernia and surgically repaired the right-side hernia on April 23, 1975. (The record is unclear why the claim is for a hernia on or about April 1975 when the incident allegedly causing the hernia occurred in May or June 1974.)
Appellant correctly contends that appel-lee failed to prove by competent, substantial evidence the compensability of the right-side hernia. Section 440.15(6), F.S. provides in part:
(6) HERNIA. — In all claims for compensation for hernia resulting from injury by an accident arising out of and in the course of employment, it must be proved to the satisfaction of the division:
(a) That there was an injury resulting in hernia.
(b) That the hernia appeared suddenly.
(c) That it was accompanied by pain.
(d) That the hernia immediately followed an accident.
(e) That the hernia did not exist prior to the accident for which compensation is claimed.
The statutory prerequisites were discussed by the Florida Supreme Court in Garcia v. Continental Vending Machine Corporation, 176 So.2d 329, at 331 (Fla. 1965):
By the quoted section of the statute the Legislature has specifically required definite proof of the various conditions to an award for a hernia claim. The reason for such specificity was discussed in General Properties Co., Inc., et a 1. v. Greening et al., 154 Fla. 814, 18 So.2d 908. We there noted that these so-called statutory “safeguards” were included in the act in order to avoid potentially false claims for a hernia which has developed gradually as contrasted to one which is the immediate product of an industrial accident. The last cited case emphasizes that a hernia is most often the result of congenital weaknesses or gradually developed conditions. Accidental injury is must (sic) less frequent as a cause. Hence, it is that the Legislature has emphatically required detailed proof of the statutory elements as a condition to a hernia compensation award.

In the absence of proof of any one of these five essential prerequisites, recovery under the hernia section cannot be allowed. .
The Judge of Industrial Claims found that these prerequisites had been met as regards the right-side hernia. The evidence fails to support the findings that the “hernia appeared suddenly” and that the “hernia immediately followed an accident.” Cf. Frohman Gear Company v. Fellows, 149 So.2d 557 (Fla.1963).
The disposition of Point 1 on appeal renders Points 2, 3 and 4 moot.
The Point on Cross-Appeal requires af-firmance because the Judge of Industrial Claims found from the evidence that the left-side hernia preexisted the incident ap-pellee/cross-appellant claimed caused the left-side hernia. On September 24, 1975, the treating physician reported that appel-lee “now has a left inguinal hernia.” Ap-pellee alleged that he sustained the left-side hernia while lifting typewriters at work on or about December 8, 1975.
The Order is affirmed in part and reversed in part.
SHAW, J., concurs.
ERVIN, J., concurs and dissents with opinion. ■

. The Order did not contain a finding as to the date claimant sustained the hernia.