SHAW, Judge.
The appellee, Theodore Wyche, was kicked in the right side by an unruly inmate of Jackson Memorial Hospital in Dade County, Florida on November 12,1976. Appellants and appellee agree that there was immediate pain and that the appellee was treated at the hospital emergency room the day following the injury for vomiting and pain. There was no diagnosis of hernia and appellee, upon his release from the hospital, continued to work despite occasional pain in the right inguinal area. Several weeks pri- or to March 2, 1978 the pain became more acute; appellant was examined by Dr. Rod-man and operated on for a right inguinal hernia.
Appellants’ initial point on appeal challenges the deputy commissioner’s finding that the claimant suffered a compensable hernia. Appellants allege that the hernia did not appear suddenly as required by § 440.15(6)(b), Florida Statutes, or immediately following the accident and is therefore not compensable under the Florida Workers’ Compensation Law. Appellants refer us to Frohman Gear Company v. Fellows, 149 So.2d 557 (Fla.1963). The facts in Frohman are even more dramatic than those presented by the instant appeal. The claimant in Frohman felt a ripping or tear in his groin area accompanied by a “burning-cool sensation.” Six months later the claimant noticed a bulge or protrusion and within a year after he noticed the swelling he consulted his family doctor who testified that it was his opinion that the hernia Was caused by the alleged accident of March, 1959. A second medical witness testified that it was highly unlikely that the alleged accident caused the hernia. The deputy, however, accepted the opinion of the family doctor and awarded benefits. The Florida *316 Industrial Commission affirmed, but the Supreme Court reversed the award. In so doing, the Court recognized the special safeguards which the Legislature saw fit to throw around hernia claims and concluded:
In the instant case, the hernia, according to the claimant, did not appear until six months after the alleged accident and was so diagnosed by a physician twelve months later. It cannot be said to have “appeared suddenly” or “immediately followed the accident”, and, certainly, it cannot be said to have appeared “so soon after the injury that it would not be possible to attribute it to any other cause.”
The Frohman rationale appears to control the instant cause in that there has been no showing that the hernia for which the claimant seeks benefits suddenly appeared or immediately followed the accident. As in Frohman it cannot be said that a hernia appeared so soon after the injury that it would not be possible to attribute it to other causes. Our reading of Frohman compels the conclusion that the claimant has not proved the essential requirements of a compensable hernia. See Sears, Roebuck and Co. v. Moreno, 382 So.2d 1319. (Fla. 1st DCA 1980).
The deputy’s order finding the hernia compensable is reversed and the claim is dismissed thereby mooting all remaining issues.
ROBERT P. SMITH, Jr., J., concurs.
BOOTH, J., dissents with opinion.