WENTWORTH, Judge.
We reverse the judge of industrial claims’ order which denied compensability in this case because we conclude no competent, substantial evidence supports his finding that appellant’s hernias were not caused by his industrial accident.
Hing was hospitalized for back pain occurring during his operation of a forklift in February 1978. Emergency-room records did not indicate complaints of abdominal tenderness the day of the accident; instead, he was diagnosed as suffering lumbosacral strain. Two days after the accident, however, while still in the hospital and in traction, appellant told his treating physician he had pain in the groin area. The hernias were confirmed the following day.
The JIC concluded that Hing’s hernias were not within the statutory requirements for compensability, based on findings that they did not appear suddenly, were not accompanied by pain, and did not immediately follow the accident. Section 440.15(6), Florida Statutes (1977). We reverse because, even if Hing’s inguinal pain did not appear for two days (he testified to the contrary), that occurrence under the partic *14 ular circumstances is in our opinion plainly within the statute’s requirement of sudden appearance after the accident. The facts of this case also present a situation in which Hing’s hernias, or at least the pain therefrom, would reasonably have been masked temporarily by his other injuries and hospital confinement. See Exxon Co. v. Alexis, 370 So.2d 1128 (Fla. 1978). The fact that he was constantly in traction after the accident reinforces a conclusion in favor of the compensable accident as causally related to the hernias. As for the statute’s immediacy requirement:
. it would be going too far to say that “immediately” means precisely the same as “instantly” or “momentarily” but that the word, when used with reference to time, means “there must not have been any substantial interval between the accident and the manifestation of the rupture and the appearance of the hernia following in due, natural and uninterrupted course therefrom.”
* * * * * *
That there is necessarily some latitude, whether it be a few hours or even a few days under given circumstances, cannot be questioned . .
Frohman Gear Co v. Fellows, 149 So.2d 557, 560 (Fla. 1963).
In Frohman, benefits were denied because the hernia did not appear for six months after the accident. Atlantic Marine Boat Yard v. Daniel, 138 Fla. 864, 190 So. 612 (1939), however, affirmed an award for a hernia which appeared 27 days after the accident. More recently, benefits were affirmed on appeal for a hernia which was not evident for two months because of other injuries. Exxon, supra. The statutory criteria are intended in part to avoid potentially false claims for hernias which develop gradually rather than as the by-products of accidents. Garcia v. Continental Vending Machine Corp., 176 So.2d 329, 331 (Fla. 1965). The facts of this case amply demonstrate that the criteria have been met and that the statute’s intent demands a finding of compensability.
Reversed and remanded for further proceedings consistent with this opinion.
MILLS, C. J., and McCORD, J., concur.